## THE PEOPLE *v.* ALEXANDER BROWN.

INDICTMENT FOR LARCENY. — An indictment for larceny which charges that the defendant "did feloniously, wilfully, and unlawfully, and with force and arms, steal, take, and carry, lead, and drive away," etc., contains a sufficient statement of the intent with which the taking was done, without an averment that the property was taken with a felonious intent.

NEW TRIAL IN CRIMINAL CASE. — The appellate Court will not, in a criminal case, grant a new trial on the ground that the verdict is contrary to the evidence, if the testimony is conflicting.

APPEAL from the County Court, Placer County.

The indictment charged "that the said Alexander Brown, on or about the 13th day of May, 1864, and before the finding

and presentation of this indictment, at the County of Placer, to wit: at a place known as Chandler & Saunders' Ranch, in the County of Placer, did feloniously, wilfully, and unlawfully, and with force and arms, steal, take, and carry, lead, and drive away from the ranch aforesaid, the personal goods and property of another, to wit: the property of W. H. Chandler and J. Saunders, of the value of more than fifty dollars; said property consisting of  *   *·  *   ," etc.

The defendant was convicted, and appealed.

*A. S. Higgins*, for Appellant.

The indictment does not charge that the defendant took the horse, alleged to have been stolen, with a felonious intent. The offense consists in the intent. Is the intent to be presumed from the mere taking, or must it be distinctly charged?

*J. G. McCullough, Attorney-General*, for the People.

The indictment is sufficient. "Feloniously" implies the intent. (Wharton's Precedents of Indictments, 190; Wood's Dig. 337, Sec. 60; *People* v. *Garcia*, 25 Cal. 531.)

By the Court, SANDERSON, C. J.

The demurrer to the indictment was properly overruled. The charging part is in the following words: "Did feloniously, wilfully and unlawfully, and with force and arms, steal, take, carry, lead and drive away," etc., which is not only a sufficient statement of the intent with which the taking was done, under our statute, but also at common law. (*People* v. *Vance*, 21 Cal. 403; Wharton's Precedents, 190.)

We cannot reverse the judgment on the ground that the verdict is contrary to the evidence. Disregarding the testimony offered by the defendant for the purpose of proving an *alibi* (which the jury manifestly did not believe), we are not prepared to say that the evidence does not sustain the verdict. In *The People* v. *Ah Loy*, 10 Cal. 301, the Court said: "It

requires a clear case—one in which there is an absence of evidence against the prisoner, or a decided preponderance of evidence in his favor—to justify an interference with the verdict of the jury." We think this is one of those cases in which the verdict, whether guilty or not guilty, ought not to be disturbed by this Court. The Court below refused a new trial, and that Court could better judge of the weight of the evidence.

Judgment affirmed.