[No. 20291.   In Bank. — September 14, 1887.]

## THE PEOPLE, RESPONDENT, *v.* GUSTAVE RASCHKE, APPELLANT.

CRIMINAL LAW — BILL OF EXCEPTIONS — SETTLEMENT OF — PRESUMPTION. — Where a bill of exceptions in a criminal case is settled by the trial judge after the expiration of the statutory period allowed therefor, the reasons which may have induced such action will not be inquired into on appeal, but will be presumed to have been sufficient.

ID. — LARCENY — POSSESSION WITHOUT CHANGE OF TITLE — CONVERSION — FELONIOUS INTENT. — One who through false representations obtains the possession of personal property with the consent of the owner, under a contract by the terms of which he acquires some special trust or right therein, but without a change of the general title, is guilty of larceny, upon subsequently converting the same to his own use, if he had the felonious intent to steal the property at the time the possession was obtained.

ID. — GRAND LARCENY — VALUE OF GOODS. — Under such circumstances, the person feloniously obtaining the goods, if guilty at all, is guilty of grand larceny, when the value of the goods so obtained exceeds fifty dollars.

ID. — INSTRUCTION — OMISSION OF ELEMENT OF FELONIOUS INTENT. — In a prosecution for such a larceny, the court instructed the jury to find the defendant guilty, if he obtained possession of the goods by false representations, but without any change in the title, and at the time the possession was so obtained he intended to convert them to his own use, and did so convert them. *Held*, that the instruction was erroneous in omitting the element of a felonious intent to steal at the time the possession was obtained.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of Mr. Justice Mc-Farland.

*R. Percy Wright,* for Appellant.

The bill of exceptions having been settled after the expiration of the time allowed therefor, the court will not inquire into the reasons of the trial judge for so doing. (*People* v. *Woppner,* 14 Cal. 437; *People* v. *Lee,* 14 Cal. 510; *People* v. *White,* 34 Cal. 188; *People* v. *Smith,* 23 Cal. 280; *People* v. *Sprague,* 53 Cal. 422.) The court erred in its instructions to the jury in omitting the element of felonious intent. (*McCourt* v. *People,* 64 N. Y. 586; *People* v. *Campbell,* 30 Cal. 313; *People* v. *Valencia,* 43 Cal. 552.)

*Attorney-General Johnson,* for Respondent.

The bill of exceptions was not presented in time. (Pen. Code, secs. 1171–1174.) The instructions, being based upon the evidence, were properly given. (*People* v. *Torres,* 38 Cal. 141; *People* v. *Smith,* 57 Cal. 130; *People* v. *Dick,* 32 Cal. 213.)

McFARLAND, J. — The attorney-general contends that the bill of exceptions in this case cannot be considered because it was not presented and settled within the time mentioned in the code; but as it *was* settled, "we will not inquire into the reasons which may have induced the action of the judge in signing the bill of exceptions after the statutory period, but will presume they were sufficient." (*People* v. *Sprague,* 53 Cal. 422; *People* v. *Lee,* 14 Cal. 510.)

The information accused the appellant, jointly with one T. Furlong, of the crime of grand larceny. He was convicted as charged, and appeals from the judgment.

The information charges that the appellant and said Furlong " did feloniously steal, take, and carry away " a

large number of small articles, principally glass and
crockery ware, and amounting in value to $58.60, "the
personal property of one I. Bernard."

Appellant's point that the verdict was against the evi-
dence — that is, that the findings of fact which the jury
must have made are not supported by the evidence — is
not tenable. There was considerable evidence on all
contested questions of fact.

Appellant contends, also, that admitting all the facts
as claimed by the prosecution, such facts do not consti-
tute larceny; and that therefore the verdict is against
law. And these facts, which the jury had the right to
find, were substantially as follows: The appellant, to-
gether with said Furlong and one Lewandowsky, by
false representations as to their property, financial
ability, future intentions, etc., induced said Bernard to
sell and deliver to them the property alleged to have
been stolen. Bernard delivered the property to them at
a place on the corner of Folsom and Twenty-third
streets, in San Francisco, where they proposed to open
and conduct a saloon and fruit store, and took from two
of them a promissory note due in thirty days; but the
understanding was that the property in the goods was
to remain in Bernard until the note was paid. A couple
of weeks afterwards, but before the maturity of the note,
Bernard, hearing that there was some trouble at the
place above named, went there and found the saloon
closed and the property gone. Procuring a search-war-
rant, he went to appellant's residence and found some of
the property secreted there, — appellant having denied
that he had it. There were other circumstances in
proof not necessary to state here, — from all of which
the jury might have found a felonious intent on the
part of appellant and his associates from the beginning
of the transaction. The contention of appellant, how-
ever, is, that as the possession of the goods was obtained
by appellant and his associates under the contract, and

with the consent of their owner, and as a *special property* in them also passed, therefore there could not have been that felonious taking which is necessary to constitute larceny.

Larceny, under the present provisions of the Penal Code, — so far, at least, as they are applicable to this case, — is substantially the same as at common law. We have examined a great many adjudicated cases, both English and American, where the question was, What is a sufficient " taking " within the definition of the crime of larceny? At first it was, no doubt, the rule that the element of trespass was a necessary ingredient of the crime; and that when the possession of the thing charged to have been stolen had been originally obtained by the consent of the owner, there could be no larceny. It was soon held, however, that there might be larceny where there had been in fact a delivery by the owner, but where there had been no change of property, nor of legal possession, and where there was a mere temporary custody given for a special purpose, or where the possession had been obtained fraudulently with a felonious intent. (2 Russell on Crimes, 8th Am. ed., 21 et seq.) The most difficult phases of the question arise where a defendant charged with larceny has by false and fraudulent pretenses obtained possession of the property under the guise of a purchase and sale. It is clear that in such a case, where there has been a change both of the legal possession and the entire property of the owner in the thing delivered, there can be no larceny; otherwise where there has been a change of possession, but *no change* of property. Some doubt has been entertained, however, on the question whether or not there could be larceny where there had been a change of possession without a change of the general title, but accompanied by the creation of some sort of trust or special right in the fraudulent buyer; but with respect to that question the law is undoubtedly settled

to be that if there was a felonious intent to steal at the time possession of the goods was obtained, then there was a sufficient "taking" to constitute larceny. As early as the time when East's Pleas of the Crown was written, the learned author of that treatise, after an exhaustive review of the cases decided down to that date, declared the rule to be as follows: "1. That where, notwithstanding a delivery by the owner in fact, the legal possession remains exclusively in him, larceny may be committed exactly the same as if no delivery had been made; 2. That where, by the delivery, a special property, and consequently a legal possession, apart from any felonious intent, would be transferred, there, if it be found that such delivery were fraudulently procured with a felonious intent to convert the property so acquired, then, also, the taking amounts to larceny." (2 East's Pleas of the Crown, 682.) The rule thus stated was clearly the law established by the adjudicated cases reported at that time; it has not been changed, but has been recognized by subsequent cases, down to the present time, and is to-day a part of the English and American common law. The principal case noticed by text-writers as indicating a different rule is *Wilson* v. *State*, 1 Port. 118; but an examination of that case will show that the *syllabus*, which does indicate a different rule, is not justified, either by the facts of the case or the text of the opinion of the court.

The rule as above stated no doubt gives a somewhat dangerous power to a jury. As was said by the Supreme Court of Pennsylvania, the secret intention of a defendant, and the time when that intention was formed in his mind, — whether before or after he obtained the property, — are matters about which a jury in many cases can have no certain knowledge; and their power in times of excitement might be arbitrarily exercised to satisfy their own prejudices or public expectation. (*Lewer* v. *Commonwealth*, 15 Serg. & R. 99.) On the

other hand, Judge Cowen regretted that the rule had not been applied to cases where the absolute title to the property passed. (*Ross* v. *People*, 5 Hill, 294.) At all events, we must declare the law as we find it; and if change be desirable, the change must be made by the legislature. The general authorities on the question are too numerous to cite here. Most of them are referred to in the first pages of the second volume of Russell on Crimes, 8th Am. ed., and in East's Pleas of the Crown, under the head of "Larceny and Robbery." A case precisely like the one at bar has not arisen in this state to our knowledge; but this court has recognized the rule as above stated in *People* v. *Stone*, 16 Cal. 370; *People* v. *Jersey*, 18 Cal. 338; *People* v. *Smith*, 23 Cal. 280; and in other cases.

The point made by appellant that the goods found on his premises did not amount to more than fifty dollars, and that therefore he was not guilty of grand larceny, cannot be successfully maintained. If he was guilty of larceny at all, it was because he, with his alleged confederates in the first instance, feloniously obtained the goods from Bernard, and the goods thus obtained amounted in value to over fifty dollars.

We have discussed the foregoing questions because they will necessarily arise if the case be tried again; for the judgment must clearly be reversed, because the instructions to the jury were erroneous in one important and material matter. The charge of the court followed the rule hereinbefore stated with one marked exception: it did not include the element of *felonious intent*. The court, referring to the specific features of the case as presented by the evidence, told the jury several times, and in various forms of language (substantially), that if appellant, or those whom he aided and abetted, obtained possession of the goods by false representations, and the title did not pass, and that at the time possession was so obtained the party obtaining possession of the goods

intended to convert them to his own use, and did so convert them, then appellant was guilty of larceny. But nowhere in the instructions on that point were the jury told that the appellant at the time possession of the goods was obtained must have had a "felonious intent"; nor was any language used which was the equivalent of felonious intent, or which conveyed the idea of *stealing*. Of course the intent to convert the property to his own use, in a certain sense, and perhaps in a popular sense as understood by the jury, is present with the buyer at every sale, — whether the sale be honest or fraudulent. But every fraudulent purchaser of property who intends to convert it to his own use is not guilty of larceny. It would hardly be contended that an insolvent merchant could be convicted of that crime, because he bought goods on credit, when he knew that he could not and would not pay for them. Persons frequently gain advantages over others in trades by false representations, without having that felonious intent to steal which actuates thieves when they commit genuine larcenies. In a case, therefore, like the one at bar, when the charge sought to be proven was in the nature of a *constructive* larceny, and where a jury might have confused mere moral delinquency with crime, it was material to the appellant's rights to have the jury instructed that the felonious intent must have existed at the time possession of the goods was obtained.

For this reason, the judgment must be reversed.

Judgment is reversed, and cause remanded.

TEMPLE, J., PATERSON, J., and SEARLS, C. J., concurred.

McKINSTRY, J., concurring. — I concur in the judgment, and with what is said by Mr. Justice McFarland, except as to what is said with respect to the charge of the court. I agree, however, that the charge was ambiguous, and was such as may have misled and confused the minds of the jurors.

THORNTON, J., dissenting. — I dissent. The foregoing opinion drawn up by McFarland, J., as to the charge to the jury by the trial court, directly conflicts with *People* v. *Smallman*, 55 Cal. 185, where the point passed on in this case is distinctly made, considered, and decided.

The obtaining possession of personal property by artifice or fraud, where title does not pass to the taker, with an intent at the time of the taking to convert it to the taker's use, and the subsequent conversion of it to his use by the taker, is a felonious taking, and is larceny. (*People* v. *Smallman*, *supra; United States* v. *Durkee*, 1 McAll. 193–206.) I am of opinion that the judgment should be affirmed.