[No. 20527. In Bank. — August 29, 1889.]

THE PEOPLE, RESPONDENT, v. MORRIS GOGGINS, APPELLANT.

80  229
82  587
80  229
89  496

CRIMINAL LAW — LARCENY — INDICTMENT — DESCRIPTION OF PROPERTY STOLEN — PRESUMPTION. — An indictment for larceny describing the property stolen as the property of "Townsend and Carey," without specific designation of them as being partners in business, is not fatally defective, and is sufficient, under the provisions of section 959 of the Penal Code, to enable a person of common understanding to know that it was intended to designate the owners of the property as constituting a partnership. The sufficiency of indictments or informations are to be tested by statutory enactments; and it must be presumed that the defendant is a person of common understanding.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion.

*J. A. Cooper*, for Appellant.

The correct name of the owner or owners of the property stolen must be given, and if the owner is a corporation, that fact must be stated, and if the owners were a partnership, the correct name of each partner must be given. (Pen. Code, secs. 484, 959; *People* v. *Hughes*, 41

Cal. 236; 1 Wharton's Crim. Law, secs. 934, 935; *People* v. *Schwartz*, 32 Cal. 160; *People* v. *Bogart*, 36 Cal. 245.)

*Attorney-General Johnson,* for Respondent.

The indictment is sufficient under sections 956, 959, and 960 of the Penal Code. (*Burke* v. *State*, 34 Ohio St. 81; *People* v. *Ah Sing*, 19 Cal. 598; *People* v. *Henry*, 77 Cal. 445.)

FOOTE, C. — The defendant was indicted for the crime of grand larceny, and pleaded guilty to the charge. From the judgment rendered he appeals.

His argument is, that the judgment should be reversed, because the indictment failed to charge him with any crime whatsoever. It alleges, among other things, that the defendant: "Did willfully, unlawfully, and feloniously steal, take, and drive away fifty sheep, the property of Townsend and Carey," etc.

The defendant claims that it does not appear therefrom that Townsend and Carey were partners in business, or a corporation; that there is no specific allegation to whom the sheep belonged; that in pleading guilty to the charge contained in the indictment, he did not confess himself to have committed any offense.

The sufficiency of indictments or informations in California are to be tested by statutory enactments. Section 959 of the Penal Code provides that "the indictment or information is sufficient if it can be understood therefrom. . . . . .

"Subd. 6. That the act or omission charged as an offense, is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

It must be presumed that the defendant was a person of common understanding. Would not such an individual have known from the language of the indictment

that he was charged with the larceny of fifty sheep, the personal property of two individuals comprising a partnership of Townsend and Carey? And when he pleaded guilty, was he not intending to confess that he stole fifty sheep from the partnership composed of the two individuals just mentioned?

The case of *People* v. *Henry*, 77 Cal. 445, was one where the defendant was charged with the "felonious entry of some building of the San Diego and Coronado Water Company, with the intent then and there to commit larceny."

It was contended in that case "that, as the information does not state whether the San Diego and Coronado Water Company is a corporation or a partnership, and does not give the names of any persons composing the corporation or partnership, there is in a legal sense an entire absence of any allegation as to the party intended to be injured."

There, as here, the cases of *People* v. *Schwartz*, 32 Cal. 160, and *People* v. *Bogart*, 36 Cal. 245, were cited "as conclusive of the question."

The appellate court held in that case that the information sufficiently designated the owner of the building burglarized.

In *People* v. *Barnes*, 65 Cal. 16, which was an action upon a bail bond: "One Wilson was arrested on a complaint charging him with grand larceny, in stealing two head of cattle of the value of twenty-five dollars each, the cattle being the property of Page Brothers."

The defendants claimed that the bond was void; that no offense was alleged in the complaint; that "Page Brothers" was not a statement of the name of the owners of the property alleged to have been stolen. The appellate court held that the point was not well taken; that the bond was not void, and that the offense of larceny was sufficiently charged in the complaint.

By parity of reasoning, it may be said here that the

indictment was not fatally defective and void, as designating no owners of the property alleged to have been stolen. There was, perhaps, a somewhat obscure statement of the names of the owners, in the sense that they were not designated as a partnership or a corporation, but it is plain that to a person of common understanding, it would appear that the property stolen was owned by two persons, Townsend and Carey, who did business in that name, for such is the common manner upon signs, letter-heads, signatures to documents, etc., in which firms of individuals are commonly designated. Especially should this be held to be the case where one charged with the larceny of fifty sheep admits by his plea of guilty that he has feloniously carried away such sheep, and that they were the personal property of persons who were known by the name of Townsend and Carey, the ordinary way of designating a partnership.

It is hardly possible that the defendant was not fully aware of the nature of the crime charged against him in the indictment, and the persons who were the owners of the property he was alleged to have stolen. But while this is so, it is to be regretted that an indictment so easy to frame properly should have been drawn as was the one in hand, liable to be assailed most sharply.

We advise that the judgment be affirmed.

GIBSON, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.