[No. 20518.   In Bank.—March 31, 1890.]

## THE PEOPLE, RESPONDENT, *v.* GUSTAVE RAISCHKE, APPELLANT.

CRIMINAL LAW — LARCENY — CONDITIONAL SALE — FELONIOUS CONVERSION OF GOODS. — When goods are sold conditionally, with the agreement that the title is to remain in the vendor until they are paid for, and it appears that the delivery of the goods was fraudulently procured, with a felonious intent to convert the property so acquired, the taking amounts to larceny; and if the evidence tends to show that the goods so conditionally sold were bought under a pretense that they were to be used in a legitimate business, without intent so to use or to pay for them, and were removed to the premises of the defendant, and by him converted to his use and secreted with intent feloniously to deprive the owner of them, it is sufficient to sustain a conviction of larceny.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*R. Percy Wright,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C. — The defendant was convicted of grand larceny; from the judgment rendered against him and an order denying a new trial, he appeals.

The case has been here before (73 Cal. 378). The defendant was then awarded a new trial, because of an erroneous instruction granted by the court below.

It was contended on that appeal that there was no evidence of any larceny of the goods charged to have been stolen by the defendant, and the same point is made now. Upon that contention the appellate court determined adversely to the defendant.

We have carefully examined and compared the evidence as set out in the transcript of both appeals, and find no material difference so far as the main points of the evidence are affected. That which was testified to by Bernard, the owner of the goods alleged to have been taken and stolen, as it appears in the present record, is not so full in some particulars as on the former trial. Bernard was alive at the time, but died before the second trial was had, and his evidence was introduced at the later period in the form of a long-hand transcription of the reporter's notes of his evidence taken before the police court on the preliminary examination of the defendant, properly certified and filed.

This evidence indicates that the defendant, by preconcerted arrangement with two other persons claimed to be his partners, endeavored to buy the goods in question in the first instance; that Bernard, the owner, was willing to sell them, provided the title to the articles should remain, as it then was, vested in him, until they were paid for, and with this understanding he delivered the goods to the two other persons, Lewandowsky and Fur-

long, the alleged partners of the defendant, the latter having in the beginning of the negotiation proposed to purchase the goods to be used, as he represented, in a legitimate business, to be carried on by the three jointly; that the goods were first taken to the premises whereon these three persons were together represented to and supposed by Bernard to have set themselves up in business, and that Bernard took a note for the price of the goods from Lewandowsky and Furlong.

A short time after this delivery of the goods, having his suspicions aroused to the effect that a swindle had been perpetrated upon him, Bernard sought the aid of the police with a search-warrant, and after Raischke, the defendant, had denied having any of the goods on his premises, some of them were found thereon, secreted in various places, a portion of them in a potato-patch buried nine or ten inches in the earth.

This witness was corroborated by his daughter in his statement that he told the defendant the title to the property remained in him until it should be paid for; and by Mr. Rogers, a police-officer, the last witness, further stating that when he and Bernard went to Raischke's to hunt for the goods, Bernard said: "Raischke, I told you the goods were mine, until you paid for them, and I have n't got my goods, and you say you have n't got them; you took them away. . . . . He told him a dozen times that he continued to own the goods. Raischke never denied anything of the kind, except that he had n't the goods, or any of them, about the premises."

O'Brien, an expressman, testified to having been employed by Furlong, one of the alleged partners of the defendant, to haul away from the place of business of the defendants, Furlong and Lewandowsky, certain articles of glassware, etc., which were similar to those obtained from Bernard; that he took these things "boxed up" to Raischke's place about five o'clock in the morning.

The appellate court on the former appeal (73 Cal. 382)

laid down the rule of law as applicable to cases of larceny, of the kind of which this is contended by the people to be, in this language: "That where, notwithstanding a delivery by the owner in fact, the legal possession remains exclusively in him, larceny may be committed exactly the same as if no delivery had been made; 2. That where, by the delivery, a special property, and consequently a legal possession, apart from any felonious intent, would be transferred, there, if it be found that such delivery were fraudulently procured, with a felonious intent to convert the property so acquired, then also the taking amounts to larceny."

The evidence quoted, as well as some circumstances in the record, as we think, tend to show that the defendant and his two alleged partners bought these goods under pretense that they intended to use them in a legitimate business; that they did not intend so to use or in good faith to pay for them, but after taking them to the place where they were claiming to carry on business, they had them removed to the premises of Raischke, who converted them to his use, with the intent feloniously to deprive the owner of them. Under these circumstances, no reason is apparent for disturbing the verdict of the jury.

We therefore advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.