[Crim. No. 202. First Appellate District.—November 16, 1909.]

# THE PEOPLE, Respondent, v. CLARA NEWTON, Appellant.

CRIMINAL LAW—ABDUCTION OF GIRL FOR PROSTITUTION—QUESTION FOR JURY—SUPPORT OF VERDICT.—Under a charge of the abduction of an unmarried female under the age of eighteen years, for the purpose of prostitution, in accordance with section 267 of the Penal Code, the purpose for which the abduction was made is peculiarly a matter for the determination of the jury; and it is held that the evidence in the record amply supports the verdict of the jury upon this point.

ID.—"UNMARRIED" STATE NOT ESSENTIAL TO CRIME.—Section 267 of the Penal Code providing that "every person who takes away any female under the age of eighteen years from her father, mother, guardian, or any other person having the legal charge of her person, without their consent, for the purpose of prostitution, is punishable" as therein specified, does not require the abducted female to be unmarried.

ID.—AVERMENT OF "UNMARRIED" STATE—OBJECTION TO FAILURE OF PROOF—IDENTITY OF CRIME, AND OF PERSON—SURPLUSAGE.—Notwithstanding the averment of the girl's "unmarried" state, the failure to prove the same is not material to the crime, and does not go to its identity. The identity of the girl is certainly shown by giving her correct name and that of her father from whose custody she was taken. The word "unmarried" could be stricken from the information without affecting its validity in any respect, and may be treated as surplusage.

ID.—SUFFICIENCY OF EVIDENCE TO SHOW "UNMARRIED" STATE.—Even if the averment should have been proved, it is not required to be proved with the same strictness which must be made of the essential elements of the crime; and the "unmarried" state is sufficiently shown by evidence that her true name was Lizzie Wright, that at the time of the trial she was sixteen years of age, that her father's name was Luke Wright, and her mother's Barbara Wright, and that ever since her birth she had lived with her father and mother, and in their care and custody, there being nothing in the evidence to suggest her married state.

ID.—EVIDENCE—IMPROPER QUESTION TO POLICE OFFICER—DUTY—OPINION.—The court properly sustained an objection to a question asked of a police officer, who had testified for the prosecution: "When you met the girl along with the defendant, and you knowing that the defendant was of bad reputation, wasn't it your duty to protect and take her home?" The officer was not on trial for dereliction of duty, and the question called for his opinion.

APPEAL from a judgment of the Superior Court of Alameda County. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Mervyn J. Samuels, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HALL, J.—Defendant was charged with the crime of abduction as defined by section 267 of the Penal Code, and upon trial was convicted. Upon this her appeal, taken from the judgment rendered against her, it is claimed that the evidence is insufficient to sustain the verdict: 1. Because it is not shown that the abduction was for the purpose of prostitution; and 2. Because there is no proof of the allegation that the person alleged to have been abducted was unmarried.

The section under which the prosecution was had requires that the abduction be "for the purpose of prostitution," and accordingly it was so charged. The purpose or intent with which the abduction was done is peculiarly a matter for the determination of the jury. In this case we think the evidence in the record amply supports the determination of the jury upon this point. It was in proof that the defendant met the girl alleged to have been abducted on the evening of June 14, 1909, and induced her to go with defendant to the home of defendant. Defendant caused the girl to comb and arrange her hair. The girl testified that while she was combing her hair defendant told her that she, defendant, had from eighteen to nineteen men coming to visit her, and that it was hard for her to attend to them all, and if she could get someone to work for her, "why, I could make good money." That "she, defendant, could telephone to the Chinese to buy me a silk kimona and chemise. . . . She said we would put our heads out of the window, and she said if I was with her the night before I could have made $10 with her." Defendant sprinkled the girl with perfumery and caused her to put on a coat of defendant's, and at about 11 o'clock at night took her to a house of prostitution. On the way some police officers spoke to defendant, and asked

her where she was going, and about the girl. Defendant said the girl was named O'Brien, and had been raised by defendant's mother. In fact, her name was Lizzie Wright, and she was a stranger to defendant. The defendant told the officers that she was going to collect some money of a woman known to the officers to be a prostitute. The officers allowed defendant and the girl to pass on after cautioning defendant not to take the girl into the house. Defendant, however, took the girl into the house of prostitution, entering by the rear door. When the officers applied for admission shortly afterward, defendant told the girl not to let them see her, and she accordingly hid in the toilet.

These circumstances we think ample to support the theory that the defendant abducted the girl for the *purpose of prostitution.*

The section under which the information was laid does not require the abducted female to be unmarried. It simply provides that "Every person who takes away any female under the age of eighteen years from her father, mother, guardian, or other person having the legal charge of her person, without their consent, for the purpose of prostitution, is punishable, etc."

Nevertheless the information describes the girl abducted as "Lizzie Wright, then and there being an unmarried female under the age of eighteen years, to wit, of the age of sixteen years." It is now claimed that though the allegation that she was unmarried was quite unnecessary, yet it being so alleged, the fact became a matter of essential description and must be proved. It may not always be easy to determine whether a particular fact, by being alleged, has become thereby a material fact necessary to be proved or not. In the case at bar the girl was correctly named, and the name of her father also correctly given. She was thus certainly identified. Whether she was married or not did not in any manner qualify the crime or go to its identity. The word "unmarried" could be stricken from the information without affecting the validity of the information in any respect. We think it may well be treated as surplusage. Such treatment finds ample support in the adjudicated cases.

In *Mobley* v. *State,* 46 Miss. 501, it was alleged that the female upon whom it was charged a rape was committed was

over the age of ten years. It was held that this allegation, being unnecessary, need not be proved. "As rape may be committed upon a female of any age, the averment that the injured person is 'over the age of ten years' is unnecessary, and not being a constituent of the crime, need not be contained in the indictment, or, if inserted, need not be proved, as the offense is complete without these words."

This case is cited with approval in *Sutton* v. *People,* 145 Ill. 279, [34 N. E. 420], where it was held unnecessary to prove an allegation that the accused, charged with rape, was "of the age of fourteen years and upward."

In *State* v. *Ean,* 90 Iowa, 534, [58 N. W. 898], the defendant was charged with having committed the crime of adultery with a woman whose name was unknown to the grand jury, and who was over eighteen years of age. It was held that the allegation as to the age of the woman with whom it was charged that the defendant committed the adultery was surplusage, and need not be proven.

In *State* v. *Perrin,* 1 Tread. Const. (S. C.) 446, it was alleged that the person libeled was the *only* daughter of the widow Roach, and it was held that it was unnecessary to prove that she was the *only* daughter of such widow.

In *Allen* v. *State,* 52 Ind. 486, it was held that an allegation that liquor was given to Robert McNeal, Jr., was sufficiently supported by proof that it was given to Robert McNeal, without any evidence as to whether he was junior or senior.

"Whenever a description or averment can be stricken out, without affecting the charge against the prisoner, and without vitiating the indictment, it may on the trial be treated as surplusage, and rejected." (*Durham* v. *People,* 4 Scam. (Ill.) 172, [39 Am. Dec. 407].)

In *State* v. *Burt,* 25 Vt. 373, upon a charge for assault "upon one Andrew Renfrew, then and there being, constable and collector for the town of Newberry aforesaid," it was held that "the allegations in regard to the character of the person assaulted are not necessary to be proved, being mere description of the person."

The case at bar comes clearly within the rule as laid down in the cases above cited. Describing the person abducted as an unmarried female is not different from writing after her

name the word "spinster," which would simply be descriptive of the person, and would not go to any material element or fact of the crime.

But even if it could be held that the allegation that Lizzie Wright was an *unmarried* female should have been proven, it is the rule that allegations of this character are not required to be proven with the strictness insisted on as to allegations that are material and essential to the crime (22 Cyc. 448; *Murphy* v. *State*, 28 Miss. 637). See, also, *Mobley* v. *State*, 46 Miss. 501, where it is said that in such cases slight proof is sufficient.

The evidence is that the true name of the girl is Lizzie Wright, and that she was at the time of the trial sixteen years of age. The father's name was Edward Wright, and her mother's Barbara Wright; that she had ever since her birth lived with her father and mother and in their care and custody.

It is thus apparent that she still bore her maiden name, that she had always lived in the care and custody of her parents. These conditions are inconsistent with the fact that she had ever been married. Though it sometimes happens that a woman's name is not changed by marriage, it is the exception and not the rule. She was constantly referred to both by the witnesses and by counsel for the defense as this child. There is absolutely no suggestion of evidence that she was a married woman.

It is not at all clear that these circumstances are not sufficient to support the unnecessary descriptive averment that she was an *unmarried* female.

Some criticism is made of the ruling of the court sustaining an objection made by the district attorney to a question asked by a juror of the officer as follows: "When you met the girl along with the defendant, and you, knowing that the defendant was of bad reputation, wasn't it your duty to protect and take her home?"

The objection was properly sustained. The officer was not on trial for dereliction of duty, and the question called for his opinion as well.

Under the heading of "Erroneous Instructions," counsel set forth an instruction given by the court, but fails to point

out any error therein.   We are unable to discover any fault in the instruction.

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.