[Crim. No. 390.  First Appellate District.—October 2, 1912.]

## THE PEOPLE, Respondent, v. OSCAR ARNOLD, Appellant.

CRIMINAL LAW—GRAND LARCENY—MONEY PROCURED BY TRICK AND DEVICE—SUPPORT OF VERDICT.—It is held that the conviction of grand larceny in this case is supported by the same evidence which was presented on the trial of the case of *People* v. *Miles*, (decided in this court June 1, 1912), 19 Cal. App. 223, [125 Pac. 250], who was convicted of the same larceny under the same indictment, and which was perpetrated by the same methods, which are also set forth under a charge of a different larceny, reported in *People* v. *Arnold*, 17 Cal. App. 68 [118 Pac. 729].

ID.—CHARGE OF LARCENY OF MONEY—GIVING OF CHECK CASHED.— Though the charge of the larceny of money would not be supported by the mere giving of a check, if the proof stopped there, yet where the check represented money in bank, which was cashed by the bank on which it was drawn, and the money was fraudulently misappropriated to the use of the defendant, the charge of the larceny of the money is sufficiently supported, and the evidence sufficiently shows that the prosecutrix did not intend to part with the title to the money so procured by the defendant with the intent to steal the same.

ID.—POSSESSION OF MONEY SECURED BY FRAUD—INVESTMENT IN PROPOSED ARTICLE—PRETENDED ADVICE OF SPIRITS—EVIDENCE OF INQUIRY IMMATERIAL.—Where defendant sought by fraud to mulct the prosecutrix out of her savings by the pretended advice of spirits, to make an investment thereof in a certain article, proposed to be patented, the court did not err in rejecting evidence that the defendant before procuring the check made inquiry as to the marketability and probable value of such article, which would be but a matter of opinion and would constitute no defense to the charge made and proved against the defendant.

ID.—ABSENCE OF ERROR IN REFUSING REQUESTED INSTRUCTIONS INCLUDED IN CHARGE—LARCENY OF CHECK AND MONEY.—It was not prejudicial error to refuse instructions requested by the defendant which were substantially included in the charge given by the court. A requested instruction that the charge could not be sustained by the larceny of the check, which was substantially covered by the charge, was also properly refused, where the evidence shows that the check was promptly cashed, and under such circumstances, the defendant might be guilty of larceny of both the check and the money.  If the check was obtained by larceny, no title to the money was acquired thereby.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Nathan C. Coghlan, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, for Respondent.

HALL, J.—The defendant is the husband of Dessie Arnold, whose conviction of the crime of grand larceny, under an indictment in which she was jointly charged with this defendant, one Emma Smith and one E. C. Miles, has heretofore been sustained by this court. (See *People* v. *Arnold,* 17 Cal. App. 68, [118 Pac. 729].) The appeal now before this court, however, is from a conviction of the crime of grand larceny, under an indictment in which all of the same parties are jointly charged, but is for a different larceny than that of which Dessie Arnold was convicted though perpetrated by similar methods.

Appellant in this case was convicted of the same larceny, and under the same indictment, as that under which Miles was convicted, and whose conviction was sustained by this court in an opinion filed June 1, 1912. (19 Cal. App. 223, [125 Pac. 250].)

It is now contended, as it was contended in the Miles case, that the evidence does not show any criminal connection of this appellant with the crime of which he was convicted. The evidence in the present case does not materially differ from the evidence presented upon the trial of Miles, and is ample to prove defendant's criminal connection with whatever crime was committed in getting the money ($1,000) from the prosecutrix. And for the same reasons that we assigned in the Miles case we think the evidence sufficient to support the conclusion that the prosecutrix did not intend to part with the title to the money when she gave her check or when the money was drawn on the check and taken into the possession of Miles, appellant's codefendant and fellow conspirator. We have not and shall not repeat a summary of the evidence as it is quite

sufficiently stated in the opinion rendered in the Miles case, to which reference may be made for a full statement of the facts.

It is now urged that there is a variance between the indictment and the proof in that the proof shows a larceny of a check rather than of money. It may be conceded that if the proof had stopped with the giving of the check the charge of larceny of the money would not have been sustained. But the proof showed that the check was indorsed by Miles and promptly cashed, by the bank on which it was drawn, at San Francisco where the check was drawn. Miles thus obtained possession of the money with intent to steal it. As Miles and appellant were fellow conspirators, jointly engaged in the same criminal enterprise, both were guilty of the larceny of the money thus obtained by means of the check. The check having been cashed and the money obtained thereon, the case is within the rule followed in *People* v. *Whalen*, 154 Cal. 472, [98 Pac. 194]. The evidence therefore sufficiently proves a larceny of money.

It is next urged that the court erred in sustaining an objection made by the district attorney to a question put to the defendant while a witness as to whether or not he had, before the giving of the check by the prosecutrix to Miles, upon which the money was obtained, made inquiry as to the marketability and the probable value of the "Fountain Tooth Brush." This evidence, it is claimed, would have tended to show the good faith of defendant in urging and advising the prosecutrix to turn over her money to Miles for investment in the company that it is claimed was to be formed to manufacture and market the "Fountain Tooth Brush" when it should be patented. The theory of the prosecution was that defendant and his fellow conspirators by trick and device falsely and fraudulently caused the prosecutrix to believe that certain voices that she heard at a series of seances conducted by Mrs. Arnold were the voices of spirits from the other world. These voices urged and advised her to invest in this Fountain Tooth Brush Company. The theory of the prosecution is amply sustained by the evidence, which shows a bald and cruel scheme to mulct the prosecutrix out of her savings by causing her to believe that she was being advised by spirits to invest her money in the alleged Fountain Tooth Brush Company.

From the abundant evidence in the record, clearly and beyond peradventure showing the bald fraud practiced by defendant and his codefendants upon the prosecutrix, it is unbelievable that the proffered evidence could have had any result upon the verdict if it had been admitted. But in addition it is clear that it had but a very remote if any bearing upon the real question at issue. It would have been no defense to the charge as proven. If the defendant obtained the possession of the money of the prosecutrix by false and fraudulent spiritual manifestations, with intent to convert the money to his own use, it is no defense to the charge of larceny that he had been informed by others that in their opinion the Fountain Tooth Brush would be a valuable article. This would be but a matter of opinion. The trick and device by which the money was obtained was in representations by words and acts that departed spirits were talking to the prosecutrix and advising her to invest in the enterprise. If these representations were false and made to deceive the prosecutrix—and the evidence beyond question so proves—and defendant and his fellow conspirators by such means obtained possession of the money of the prosecutrix, with intent to convert it to their own use, it would be no defense to say that they believed that the investment that they were advising would be a good one.

We do not think that a new trial should be granted because of the ruling complained of.

Complaint is made as to some modifications which the court made to certain instructions requested by defendant. These we have examined and find no error therein.

The court did not err in refusing the instruction to the effect that if the prosecutrix intended to buy the shares of stock referred to in the evidence at the time when she gave her check, the jury should acquit the defendant, for the reason that the same matter was fully covered by the instruction given by the court as follows: "You are instructed that if you have a reasonable doubt as to whether the said complaining witness intended to buy the said shares of stock you must resolve that doubt favorably to the defendant and acquit him."

So, also, the court did not err in refusing an instruction to the effect that the charge against defendant could not be

sustained by proof of the larceny of a check. The same matter was clearly covered by an instruction which the court gave to the effect and if the jury had any reasonable doubt as to whether or not the defendant actually intended by trick, device, or fraud, to procure the property of the prosecutrix described in the indictment, they should resolve such doubt favorably to the defendant and acquit him. The only property described in the indictment was one thousand dollars in lawful money of the United States of America.

The refused instruction, although correct as an abstract proposition of law, would, we think, in view of the condition of the evidence, have probably been confusing to the jury, and could only have properly been given in connection with explanatory matter. In this behalf it must be noted that although the evidence shows that the prosecutrix gave her check to the codefendant of appellant, it also shows without contradiction that such check was promptly cashed, and the money ($1,000) obtained thereon without resort to any other trick, device, or fraud than such as had resulted in procuring the check, which was but a step toward procuring the money. Under such circumstances defendant might be guilty of larceny of both the check and the money. If the check was obtained by larceny thereof, no right or title to the money was acquired thereby. In this case, under the evidence in the record, if the defendant was guilty of a larceny of the check he was necessarily also guilty of a larceny of the money obtained thereby, and for that reason the court was justified in refusing the requested instruction.

This disposes of all the points urged for a reversal.

In conclusion we may say that after a careful examination of the entire record, including the evidence, we are satisfied that no miscarriage of justice has resulted from any ruling of the trial court.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 1, 1912.