[Crim. No. 850.  First Appellate District, Division Two.—December 18, 1919.]

# THE PEOPLE, Respondent, v. CHRIS EVANOFF, Appellant.

[1] CRIMINAL LAW—LARCENY—PLEADING.—It is not necessary in an indictment for larceny to set forth in detail the evidence by which the larceny is to be proved.

[2] ID.—SUFFICIENCY OF INDICTMENT.—Where an indictment is in two counts, the first for obtaining money under false pretenses, in which the false pretenses are alleged in detail, and the second for grand larceny, the latter count being in the ordinary form of an indictment for grand larceny, the charge of larceny in the indictment is sufficient without the addition of the clause "that the allegations in both the first and second counts of this indictment constitute different statements of the same offense and relate to the same acts, transactions, and offenses," and such a reference from one count to the other does not incorporate the allegations of the first count in the second.

[3] ID.—SUFFICIENCY OF EACH COUNT.—Material allegations must be made in every count of an indictment so that the defendant shall be charged with the distinct offense to which that count relates.

[4] ID.—SUFFICIENCY OF INDICTMENT—TEST.—The test of the sufficiency of an indictment is that it alleges acts and facts which constitute the offense, and is direct and certain as to the party and the particular offense charged.

[5] ID.—EFFECT OF STATEMENT OF CIRCUMSTANCES.—Where the indictment sufficiently charges the defendant with the crime, it is not impaired by the subsequent statement therein of the facts or circumstances under which it was committed, unless such statement of itself constitutes a negation of the crime.

[6] ID.—VARIANCE—WHEN MATERIAL.—Where the acquittal of the defendant under the indictment would be no bar to the further prosecution of the offense, a variance between the allegations in the indictment and the evidence would be material, but where the discrepancy does not affect the validity of the indictment or prejudice the substantial rights of the defendant in his defense, the variance is immaterial.

[7] ID.—CONSTRUCTION OF CODE—CHARGING OF DIFFERENT OFFENSES.— Section 954 of the Penal Code permits the charging of different offenses in different counts of the same indictment, where the different offenses all relate to the same act, transaction, or event.

2.  Form and sufficiency of indictments, note, 3 Am. St. Rep. 279.

[8] ID.—OBTAINING PROPERTY THROUGH TRICK OR DEVICE—LARCENY.—
Where the possession of personal property has been obtained through
trick or device, with the intent, at the time the party receives it,
to convert the same to his own use, and the owner of the property
parts merely with the possession and not with the title, the offense
is larceny.

[9] ID.—EXHIBITION OF MACHINE — FALSE. REPRESENTATIONS WITH
REFERENCE TO — OTHER FALSE REPRESENTATIONS NO DEFENSE.—
Where the defendant charged with the crime of grand larceny ob-
tained the money of the complaining witness by means of a
mechanical device so constructed that when blank paper was in-
serted in one portion, the machine first gave forth sounds of
electric sparking and whirling of wheels, and then ground out
genuine dollar bills, the blank paper being coiled inside the
machine, which he exhibited, and by representations in regard
thereto, it is no defense that he may have made other false repre-
sentations to the complaining witness by which he may have estab-
lished a more or less confidential relationship with him.

[10] ID.—ULTIMATE FACT—PLEADING—DEFENSE—EVIDENCE.—In such
case, the ultimate and issuable fact is the taking of the money
of the prosecuting witness, and if the defendant is guilty, he is
not deceived in the necessity for his preparation for defense by
reason of the failure of the indictment to set forth the means· by
which the offense was committed, in view of the use of the machine
which, together with a number of new one-dollar bills and parts
for the manufacture of a similar machine, was found in his pos-
session at the time of his arrest.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Frank H. Dunne,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan,
Deputy Attorney-General, for Respondent.

THE COURT.—The defendant's conviction of grand
larceny rests on evidence that by the execution of a com-

8. Distinction between larceny and obtaining property by false
pretenses, note, 2 Ann. Cas. 1010.
Larceny by obtaining money by trick, note, 1 L. R. A. (N. S.) 862.

plicated mechanical contrivance so constructed that when blank paper was inserted in one portion, the machine first gave forth sounds of electric sparking and whirling of wheels, and then ground out genuine dollar bills, the blank paper being coiled inside the machine, he induced the complaining witness to deliver to him one thousand five hundred dollars, which the complaining witness drew from the bank. The money was given to the defendant on the representation that he was going to Chicago and possibly to New York to buy the required paper to print more money. The defendant left the machine with the complaining witness and warned him against using it, saying, "Don't touch the machine until I come back, because it is liable to explode." After his arrest, the defendant, being asked whether he took the money from the complaining witness, replied to the arresting officer: "I will give him back all his money and more too if he helps me out, and you help me, too."

The indictment under section 954 of the Penal Code was in two counts, the first for obtaining money under false pretenses and the second for grand larceny. The false pretenses alleged to support the first count were that the defendant had represented to the complaining witness that he was an artist employed at a salary of $75 per week, and that he had entered into negotiations with a French company for artistic work for which he was to receive four hundred thousand dollars, and that these representations were false, but the complaining witness, believing them to be true, did then and there, to wit, on the 5th of December, 1917, in the city of San Francisco, deliver to the defendant the sum of one thousand five hundred dollars in lawful money of the United States. The second count was in the ordinary form of an indictment for grand larceny of one thousand five hundred dollars belonging to the complaining witness on the fifth day of December, 1917, at the city and county of San Francisco. Following the suggestion contained in *People* v. *Miles,* 19 Cal. App. 223, [125 Pac. 250], there was added to the second count the following statement: "that the allegations in both the first and second counts of this indictment constitute different statements of the same offense and relate to the same acts, transactions and offenses."

The evidence did not support the allegations contained in the first count on the charge of obtaining money under false pretenses and the defendant was acquitted on that count. Objection was made to the introduction of the mechanical device in evidence and to statements made by the defendant to the complaining witness in regard thereto. It is argued that there is a fatal variance between the allegations in the indictment and the evidence upon which the conviction was based. If the first count only had been contained in the indictment and no evidence had been introduced upon the subject of the particular false representations alleged to have been made and the defendant had been convicted of obtaining money by false pretenses, upon the evidence in this case the conviction could not stand. On the other hand, if the second count alone had been in the indictment, except for the quoted addition, both the indictment and the evidence would have supported the conviction on the charge of grand larceny. The record leaves no doubt as to the guilt of the defendant of the crime for which he was convicted. There is one question presented by the appeal—whether the addition of the quoted clause limited the state in introducing evidence upon the charge of grand larceny to the particular allegations contained in the first count.

[1] It is fundamental that superfluity does not vitiate and that it is not necessary in an indictment for larceny to set forth in detail the evidence by which the larceny is to be proved. [2] The charge of larceny in the indictment was sufficient without the addition of the quoted clause. (*People* v. *Brown,* 27 Cal. 500; *People* v. *Goggins,* 80 Cal. 229, [22 Pac. 206]; *People* v. *Savercool,* 81 Cal. 650, [22 Pac. 856].) Not only was it not necessary to allege the evidentiary facts to support the charge of larceny, but they were not alleged in the second count by virtue of the quoted clause. Such a reference from one count to the other does not incorporate the allegations of the first count in the second. [3] Material allegations must be made in every count, so that the defendant shall be charged with the distinct offense to which that count relates. (*People* v. *Ellenwood,* 119 Cal. 166, [51 Pac. 553].) [4] The test of the sufficiency of the indictment is that it alleges acts and facts which constitute the offense, and is direct and certain as to the party and the particular offense charged. (*People* v.

*Beatty,* 14 Cal. 566; *People* v. *Fowler,* 88 Cal. 136, [25 Pac. 1110]; *People* v. *O'Brien,* 96 Cal. 171, [31 Pac. 45].)
[5] Where the indictment sufficiently charges the defendant with the crime, it is not impaired by the subsequent statement therein of the facts or circumstances under which it was committed, unless such statement of itself constitutes a negation of the crime. (*People* v. *Ross,* 134 Cal. 256, [66 Pac. 229; *People* v. *Handley,* 100 Cal. 370, [34 Pac. 853]; *People* v. *Newton,* 11 Cal. App. 762, [106 Pac. 247].) [6] Where the acquittal of the defendant under the indictment would be no bar to the further prosecution of the offense, a variance would be material, but where the discrepancy does not affect the validity of the indictment or prejudice the substantial rights of the defendant in his defense, the variance is immaterial. (*People* v. *Arras,* 89 Cal. 223, [26 Pac. 766].) [7] Section 954 of the Penal Code permits the charging of different offenses in different counts of the same indictment, where the different offenses all relate to the same act, transaction, or event. (*People* v. *Miles,* 19 Cal. App. 228, [125 Pac. 250].) The offense charged in the first count in this case was that of obtaining money under false pretenses. The act, transaction, and event was that of obtaining the money, not the particular false pretenses by which it was obtained. The offense was not the lie, but the taking of the money of the complaining witness by fraud. Under the second count the offense charged was grand larceny. The act, transaction, and event was the taking of the money of the complaining witness without his consent and not any particular one of a series, nor the whole series, of events which culminated in the offense charged. The act under each count was the taking of the money. If the allegations contained in the first count had been proved, the offense would have been that of getting the money of the complaining witness by false pretenses. The defendant was acquitted under that charge and was convicted under the charge of larceny. [8] "Where the possession has been obtained through a trick or device, with the intent, at the time the party receives it, to convert the same to his own use and the owner of the property parts merely with the possession and not with the title, the offense is larceny." (*People* v. *Shaughnessy,* 110 Cal. 602, [43 Pac. 2]; *People* v. *Tomlinson,* 102 Cal. 23, [36 Pac. 506]; *People* v. *Raschke,*

73 Cal. 378, [15 Pac. 13]; *People v. Johnson,* 91 Cal. 265, [27 Pac. 663].) The theory of the prosecution is amply sustained by the evidence, which shows a bald and cruel scheme to mulct the complaining witness out of his savings. In a case in which a conviction was upheld as against a claim of variance, where the allegation was that money had been stolen and the evidence showed that the defendant had been possessed of a check of the complaining witness which he thereafter cashed, the court swept aside a contention closely akin to that made in the present case. The theory of the state was that the defendant had obtained possession of the check by representing to the complaining witness that certain voices she had heard at a series of seances were the voices of spirits from the other world. These voices urged and advised her to invest in the Fountain Tooth Brush Company. While the defendant was on the witness-stand on his own behalf an objection of the prosecuting attorney was sustained to a question concerning the marketability and probable value of the fountain tooth-brush. On appeal it was claimed that this evidence would have tended to show the good faith of the defendant in urging and advising the prosecutrix to turn over her money for investment in the company, which it was claimed was to be formed for the purpose of manufacturing and marketing the brush. The court said "the trick and device by which the money was obtained was in representations by words and acts that departed spirits were talking to the prosecutrix and advising her to invest in the enterprise. If these representations were false and made with the intent to deceive the prosecutrix— and the evidence beyond question so proves—the defendant and his fellow-conspirators by such means obtained possession of the money of the prosecutrix, with the intent to convert it to their own use, it would be no defense to say that they believed the investment that they were advising would be a good one." (*People* v. *Arnold,* 20 Cal. App. 35–38, [127 Pac. 1060].)

[9] In this case under the second count the defendant obtained the money of the complaining witness by means of the mechanical device, which he exhibited, and by representations in regard thereto. It is no defense that he may have made other false representations to the complaining witness by which he may have established a more or less

45 Cal. App.—8

confidential relationship with him. In some way the defendant became well enough acquainted with the prosecuting witness to play upon his ignorance and to take his money from him.

[10] As was said by the supreme court more than fifty years ago in a case of homicide, "the only reason assigned by the common law why the manner and means by which the homicide was committed should be stated in the indictment, was that the defendant might be fully informed as to the case against him, and thereby enabled to prepare for his defense. As we had occasion to remark in the case of *People* v. *King,* 27 Cal. 510, [87 Am. Dec. 95], *this reason of the common law was but a flimsy pretext, for if the defendant was guilty, he stood in no need of information as to the means by which he committed the crime, and if not guilty, the information that he did the act in a particular way or by the use of particular means could not assist him* in the preparation of his defense." (*People* v. *Cronin,* 34 Cal. 200.) In that case it was held that the killing was the ultimate and issuable fact, so in this case the taking of the money of the prosecuting witness was the ultimate and issuable fact, and if the defendant was guilty, he was not deceived in the necessity for his preparation for defense, in view of the use of the machine which was found, together with twenty-five new one-dollar bills and parts for the manufacture of a similar machine, in his possession at the time of his arrest.

The other alleged errors urged by the appellant we consider it unnecessary to discuss. If any errors were committed, they were not such as to call for a reversal of the judgment upon an examination of the entire record.

The judgment is affirmed.

All the Justices concurred.