EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN CARDONA ADAMES, acusado y apelante.

Núm. 8877.—*Sometido:* Noviembre 7, 1941. *Resuelto:* Noviembre 14, 1941.

*Diego E. Ramos,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se trata de un caso de hurto menor en el que se sostiene que la denuncia no imputa al acusado la comisión del delito por el que se le persiguió y condenó.

La denuncia se formuló ante la Corte Municipal de Arecibo. Fué la causa en apelación ante la del distrito, y llamada para la celebración del nuevo juicio que ordena la ley, el acusado presentó una excepción perentoria alegando que según resultaba de la faz de la denuncia los hechos imputádosle no constituían delito público porque no se expresaba que los bienes hurtados pertenecían a otra persona, nombrándola, y porque en la hipótesis de que se alegara que la

persona perjudicada lo era M. Blanco & Co., debió alegarse la personalidad jurídica de ésta.

La excepción fué declarada sin lugar y, celebrado el juicio, la corte dictó sentencia declarando al acusado culpable del hurto menor, imponiéndole un mes de cárcel, con costas.

Es contra esa sentencia que se interpuso el presente recurso de apelación. El apelante ha presentado dos extensos alegatos. Insiste en ellos, con cita de jurisprudencia, sobre los puntos levantados en su excepción previa. Creemos que no le asiste la razón.

Dice la denuncia, en lo pertinente:

". . . El referido acusado, Juan Cardona Adames, allí y entonces —un día de enero 1941, calle José de Diego, de Arecibo—ilegal, voluntaria y maliciosamente, y con la intención criminal de privar a su legítimo dueño del libre goce de su propiedad para lucrarse en su propio beneficio, sustrajo de la casa comercial de esta plaza propiedad del Sr. M. Blanco & Co. 27 pantalones *khaki* gabardina valorados en $32.60, llevándoselos consigo para lucrarse en su propio beneficio, privando de esta manera a su legítimo dueño del libre goce de su propiedad. . . ."

Y la ley infringida es como sigue:

"Hurto (*larceny*) es el acto de sustraer, con intención criminal, bienes muebles o semovientes, pertenecientes a otra persona." Art. 426 del Código Penal, ed. 1937, igual al 484 del de California."

No hay duda de que la denuncia pudo redactarse mejor, de que pudo imputarse el delito con mayor perfección en menos palabras, pero tal como está, es suficiente. Alega que una propiedad mueble—27 pantalones caqui gabardina valorados en $32.60—fué sustraída por el acusado con intención criminal del establecimiento comercial de M. Blanco & Co., privándose de su propiedad a su dueño.

Lo importante en un caso de hurto es que la propiedad pertenezca a otra persona, natural o jurídica, esto es, que no sea del acusado, y que éste la sustraiga con la intención criminal de privar de ella a su dueño, lo que surge con toda claridad de la denuncia en este caso.

El nombre del dueño se expresa para certeza mayor y a los fines de identificar el hecho que constituye el delito, para que el acusado pueda protegerse contra otra acusación por ese mismo delito. (*People* v. *Mills Sing*, 183 P. 865, 869, y *People* v. *Nunley*, 75 P. 676.) Y aquí además de alegarse la fecha y el sitio en que se cometió el delito y de describirse la propiedad hurtada, se expresa que se sustrajo "de la casa comercial de esta plaza propiedad del Sr. M. Blanco & Co.", pudiendo inferirse de ello que el dueño de la mercancía—los 27 pantalones—lo era el del establecimiento de donde se sustrajo, o sea M. Blanco & Co. Pero aunque así no fuera, el acto imputado se identifica con tal seguridad, que el acusado queda protegido contra cualquier otra acusación que por el mismo delito pudiera formulársele.

En cuanto a que aun aceptando que la acusación alegara que M. Blanco & Co. eran los dueños de la propiedad hurtada, la denuncia siempre sería insuficiente al dejar de expresar los nombres de sus socios, citando a Wharton's *Crim. Law*, sec. 1833, bastará decir que ese requisito no es necesario en Puerto Rico donde, como se dijo en *Quintana Hnos. & Co.* v. *Ramírez & Co., et al.*, 22 D.P.R. 761, 770:

"La sociedad es una persona jurídica distinta de las personas naturales de los socios que la forman. Tal persona jurídica tiene, de acuerdo con la ley, sus derechos y sus obligaciones y uno de esos derechos consiste en adquirir, poseer y disfrutar bienes materiales. Los bienes adquiridos por la sociedad a la sociedad pertenecen y no individualmente a ninguno de los socios. Los socios tienen un interés en el capital social, pero tal interés sigue el destino de la sociedad. Sólo cuando ésta se disuelva y liquide, es que los socios adquirirán individualmente para sí lo que les corresponda."

Pero aunque así no fuera nunca se trataría de un defecto fatal, según fué resuelto en *People* v. *Goggins*, 80 Cal. 229.

*Debe declararse no haber lugar al recurso y confirmarse la sentencia apelada.*