[No. 20546. In Bank. — December 6, 1889.]

## THE PEOPLE, APPELLANT, .v. WILLIAM W. SAVER-COOL, RESPONDENT.

CRIMINAL LAW — ASSAULT WITH A DEADLY WEAPON — INFORMATION — PROBATIVE FACTS. — An information which charges the ultimate facts constituting the offense of an assault with a deadly weapon, in the language of section 245 of the Penal Code, defining the offense, is sufficient; while probative facts, such as the intent with which the assault is made, the present ability to do great bodily injury, and the kind of weapon used, need not be alleged, but are matters of proof only.

APPEAL from a judgment of the Superior Court of Plumas County.

The facts are stated in the opinion.

*C. E. McLaughlin,* for Appellant.

*W. W. Kellogg,* and *Chipman & Garter,* for Respondent.

FOOTE, C. — This is an appeal from a judgment sustaining a demurrer to an information and discharging the defendant. The part of the information material to this controversy is as follows: —

"William W. Savercool is accused by the district attorney of the said Plumas County, by this information, of the crime of assault with a deadly weapon, committed as follows: —

"The said William W. Savercool, on .the twenty-first day of January, A. D. 1889, at the said county of Plumas, did commit an assault with a deadly weapon, to wit, a revolver, upon the person of one Elijah Nicholson, contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the people of the state of California."

The points made in favor of the judgment are, that the information did not charge the defendant with " any criminal or felonious intent"; that it did not sufficiently

describe the weapon alleged to have been used in making the assault.

Section 245 of the Penal. Code, under which the information was drawn, is: " Every person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable," etc.

Examining the information, we find that it follows the language of that section. This is all that is necessary. The ultimate or issuable facts which the statute declares to constitute the offense are to be pleaded substantially in the language of the law, while probative facts, such as the intent with which an assault is made, and the " present ability " to do it, must be proved, but need not be alleged in the information or indictment. (*People* v. *White*, 34 Cal. 183–188; *People* v. *Cronin*, 34 Cal. 210; *People* v. *Turner*, 65 Cal. 540–542.)

It being charged that the assault was made with a " deadly weapon " as the statute prescribes, it was unnecessary to have described it further, as, " to wit, a revolver," as was done. The kind of weapon was a matter of proof only. (*People* v. *Congleton*, 44 Cal. 92–94.)

We think the information was sufficient, and that the judgment should be reversed, and so advise.

BELCHER, C. C., and VANCLIEF, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment is reversed.