[Crim. No. 1006.  Department Two.—January 13, 1904.]

## THE PEOPLE, Appellant, v. CLEMENTE PERALES, Respondent.

CRIMINAL LAW—SUFFICIENCY OF INFORMATION—LANGUAGE OF STATUTE —QUALIFICATION OF RULE.—The general rule that it is sufficient in an information to charge an offense in the language of the statute is subject to the qualification that where a more particular statement of facts is necessary in order to charge the offense definitely and certainly, it must be made.

ID.—GENERAL WORDS OF STATUTE.—Where the words or terms used in the statute have no technical or precise meanings which of themselves imply the offense, or where the particular facts or acts which constitute it are not specified, but from the general language used many things may be done which may constitute an offense, it is necessary to set forth the particular things or acts done with reasonable certainty and distinctness.

ID.—ASSAULT "BY MEANS LIKELY TO PRODUCE GREAT BODILY INJURY" —"HEAVY WOODEN STICK."—An information charging the defendant generally with the crime of assault "by means likely to produce great bodily injury, to wit, with a heavy wooden stick," is not a sufficient designation of the offense.  The word "heavy" is too indefinite, and there is no description as to the weight, strength, or size of the stick, or other qualities, properties, or characteristics, showing that it was a means likely to produce great bodily injury.

APPEAL from a judgment of the Superior Court of San Diego County.  N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, E. B. Power, Deputy Attorney-General, and Cassius Carter, District Attorney, for Appellant.

J. S. Callen, Attorney for Defendant in Superior Court, made no appearance for Respondent.

LORIGAN, J.—This is an appeal from a judgment sustaining a demurrer to an information.  The charging part of the information is as follows: "Clemente Perales is accused by the district attorney of the county of San Diego, state of California, by this information, of the crime of assault by

means likely to produce great bodily injury, committed as follows: The said Clemente Perales, on the sixteenth day of November, A. D. 1902, in the said county of San Diego, state of California, and before the filing of this information, did unlawfully and feloniously commit an assault upon the person of J. M. Soto, by means likely to produce great bodily injury, to wit, with a heavy wooden stick, contrary .to the form and effect of the statute,'' etc.

The demurrer challenged the sufficiency of this information on various grounds, among others that it did not substantially conform to the requirements of sections 950 and 952 of the Penal Code in this, that it did not set forth the particular circumstances, or statement of the acts, constituting the offense. The demurrer was sustained generally.

No appearance is made for the respondent on this appeal.

Section 245 of the Penal Code, under which this information was framed, reads: ''Every person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable,'' etc.

It is not claimed, as we understand the position of the appellant, that the information is sufficient to charge assault with a deadly weapon, or that it sufficiently sets forth the means by which the assault was committed. But it is insisted that the words, ''to wit, with a heavy wooden stick,'' may be treated as surplusage and rejected, and that the information is still good, because it charges the assault to have been committed ''by means likely to produce great bodily injury,'' which is the exact language of the statute.

While it is the general rule that it is sufficient to charge an offense in the language of the statute, yet this rule is subject to the qualification, that where a more particular statement of facts is necessary in order to charge the offense definitely and certainly, it must be made. The statute may, and often does, define the offense by the use of precise and technical words which have a well-recognized meaning, or designates and specifies particular acts or means whereby an offense may be committed.

Under such circumstances, to charge the offense substantially in the language of the statute will be sufficient.

When, however, the words or terms used in the statute have no technical or precise meaning, which of themselves imply the offense, or where the particular facts or acts which shall constitute it are not specified, but, from the general language used, many things may be done which may constitute an offense, it is then necessary, in charging an offense claimed to be embraced within the general language of the statute, to set forth the particular things or acts charged to have been done, with reasonable certainty and distinctness, so that the court may determine whether an offense within the statute is charged, or one over which it has jurisdiction, and so that the defendant may be advised of the particular nature of it, in order to defend against it, and to plead in bar a judgment of conviction or acquittal thereof, if subsequently prosecuted.

The section in question affords an application of both rules. It particularly designates a deadly weapon as a means, the use of which shall constitute an assault. The term "deadly weapon" has a precise, well-recognized meaning, and the nature of such weapon as being one likely to produce great bodily injury is well understood. It is expressly declared by the statute a specific means, the use of which in making an assault shall constitute an offense, and, therefore, under the general rule, an assault with it may be pleaded in the language of the statute. The term, however, "or by any means of force" likely to produce great bodily injury, immediately following in the section, is a general and comprehensive term designed to embrace many and various means or forces, which, aside from a deadly weapon or instrument, may be used in making an assault. What these means or forces may be, other than that they must be such as are likely to produce great bodily injury, the statute does not declare or define. As an example of such means it specifies a deadly weapon; as to any other means its language is general and indefinite.

Under such circumstances, in charging an offense claimed to be embraced within the comprehensive terms of the section, the qualification to the general rule obtains, and applying it, as it properly should be applied, to the information under consideration here, it was not enough to charge the defendant, in the language of the statute, with the use generally of means likely to produce great bodily injury, but the information

should have specified the particular means used, which it is claimed constitute an offense within the general terms of the section; the information should, in that particular, conform to the rules of criminal pleading (Pen. Code, secs. 950-952), which require that the information shall contain a statement of the acts constituting the offense, and the particular circumstances of the offense charged, in such a manner as will enable a defendant to understand the nature of the accusation against him.

It will be observed that the information at bar conforms to none of these requirements. It is entirely general in its terms; there is no precise description of the offense; there is no proper or particular designation of the means which it is claimed were used in its commission. All information in that regard is retained by the pleader, while its proper place is on the face of the information.

If the information under review could be declared good because it charges in the general language of the section, we cannot, just now, conceive of any information charging an offense under the general language of any section of the Penal Code, which would be bad.

As previously said, we do not understand appellant to claim that the information is sufficient under the section because it charges the means used in making the assault to have been ''a heavy wooden stick.'' The use of these words, as descriptive of the means, did not aid it either to charge an assault with a deadly weapon, or instrument, or by any means or force likely to produce great bodily injury.

A ''heavy wooden stick'' is not *ex vi termini* a deadly weapon, or a deadly instrument. Nor does this description suffice to show that it is either. Neither, as described, is it necessarily a means likely to produce great bodily injury. In fact, it is not described at all, except by the indefinite statement that it was ''heavy.'' Describing a stick as ''heavy'' imparts no certain information; the term is relative; a stick which in the hands of a boy, or a feeble person, would be considered heavy, in the hands of a robust person would be deemed light. Again, it might be heavy, and yet so large and unwieldy as to be useless, in the hands of a powerful man, towards the commission of an assault. It might, too, be heavy,

and yet so small, or short, that no danger of bodily harm could reasonably be apprehended from its use.

Aside from the use of the term "heavy," there is no description in the information as to the definite weight, strength, or size of the stick, or other qualities, properties, or characteristics, showing that it was a means likely to produce great bodily injury.

The lower court properly sustained the demurrer to the information, and its order is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.