[Crim. No. 165. First Appellate District.—April 28, 1909.]

THE PEOPLE, Respondent, v. W. J. WEIR, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—INFORMATION—USE OF "LARGE SHOVEL."—An information charging "an assault with a deadly weapon, to wit, a large shovel," sufficiently states a criminal offense.

ID.—DESCRIPTION OF INSTRUMENT NOT ESSENTIAL—LANGUAGE OF STATUTE SUFFICIENT—MATTER OF PROOF.—The description of the instrument used is not essential to the offense of "an assault with a deadly weapon," which may be charged in the language of the statute. The term "deadly weapon" has a precise, well-recognized meaning, and the use of that term is sufficient, the kind of weapon used being a matter of proof.

ID.—EFFECT OF INSTRUMENT DESCRIBED TO LIMIT PROOF.—The only effect of the description of the deadly weapon as "a large shovel" in the information was to confine the prosecution to proof that the assault was made with the instrument described, and not with some other.

ID.—SENTENCE—FINE WITH ALTERNATIVE OF IMPRISONMENT.—Upon conviction of the offense charged, the court had power to impose a fine of $500, with the alternative of two hundred and fifty days in the county jail, under sections 265 and 1205 of the Penal Code.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

E. A. Williams, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

KERRIGAN, J.—The information in this case charged the defendant with the crime of "an assault with a deadly weapon, to wit, a large shovel." He was tried and convicted of the offense charged, and thereafter judgment was pronounced that defendant pay a fine of $500, with the alternative of imprisonment in the county jail of Fresno county.

This is an appeal from the judgment and from an order denying defendant's motion in arrest of judgment.

The information was filed under section 245 of the Penal Code, which reads as follows: ''Every person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable,'' etc. The charging portion of the information alleges the assault to have been made upon the person of G. Brocks by the defendant with a ''certain deadly weapon, to wit, a large shovel.'' Defendant contends that the information does not state facts sufficient to constitute a public offense in this, that the words ''a large shovel'' are too indefinite to show that the instrument described was in fact a deadly weapon. The authority relied upon is the case of *People* v. *Perales,* 141 Cal. 581, [75 Pac. 170]. But that case is radically dissimilar from this, as will be patent when it is noted that in that case the information did not attempt to charge an assault with a deadly weapon, but ''an assault by means likely to produce great bodily injury''; and the supreme court there held that the language of the section ''or by means or force likely to produce great bodily injury'' is a general and comprehensive term, designed to embrace many means or forces which, aside from a deadly weapon or instrument, may be used in making an assault, and that therefore an offense under this part of section 245 cannot be charged in the language of the section, but the particular things and acts which constitute the offense must be alleged. In the case at bar the offense is stated to have been committed with a ''deadly weapon,'' and as the term ''deadly weapon'' has a well-recognized meaning it was sufficient to use that term in the indictment without further description of the particular instrument employed. The cases in this state so hold.

In *People* v. *Savercool,* 81 Cal. 650, [22 Pac. 856], the defendant was charged with ''an assault with a deadly weapon, to wit, a revolver''; and there it was said, ''Examining the information we find that it follows the language of that section. This is all that is necessary. The ultimate or issuable facts which the statute declares to constitute the offense are to be pleaded substantially in the language of the law, while probative facts, such as the intent with which an assault is made, and the 'present ability' to do it, must be

proved, but need not be alleged in the information or indictment." (Citing cases.) "It being charged that the assault was made with a 'deadly weapon,' as the statute prescribes, it was unnecessary to have described it further as 'to wit, a revolver,' as was done. The kind of weapon was a matter of proof only."

In *People* v. *Congleton,* 44 Cal. 92, it is said that an indictment for an assault with a deadly weapon, with intent to do bodily injury to another, may in general terms aver the assault to have been made "with a deadly weapon"; that in so doing it would but follow the language of the statute by which the offense itself is defined.

In *People* v. *Perales,* 141 Cal. 581, [75 Pac. 170], the supreme court say: "The term 'deadly weapon' has a precise, well recognized meaning, and the nature of such weapon as being one likely to produce great bodily harm is well understood. It is expressly declared by the statute a specific means, the use of which in making an assault shall constitute an offense, and, therefore, under the general rule, an assault with it may be pleaded in the language of the statute."

It thus clearly appears that the information is sufficient and proper in form.

The only effect of the words "a large shovel" in the information was to confine the prosecution to proof that the assault was made with the instrument described, and not with some other. (*People* v. *Savercool,* 81 Cal. 650, [22 Pac. 856]; *People* v. *Carson,* 155 Cal. 164, [99 Pac. 970].)

The defendant upon his conviction was fined $500, with the alternative of two hundred and fifty days in the county jail. This alternative did not exceed the term for which the defendant might have been imprisoned for the offense of which he had been convicted, and therefore the judgment is not subject to the objection urged against it by defendant. (Pen. Code, secs. 245 and 1205.)

The judgment and order appealed from are affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 27, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 22, 1909.