STATE OF MISSOURI, Respondent, v. HENRY OSTMAN, Sr., et al., Appellants.

St. Louis Court of Appeals, March 22, 1910.

1. CRIMES AND PUNISHMENTS: Principal and Accessory: All are Principals. When several parties are jointly indicted for an offense, one for doing the act and the others for being present and aiding and abetting, all are principals, and the conviction of the principal is not a condition precedent to the conviction of the aider or abettor, or *vice versa*, for the act of one is the act of the other.

2. ———: ———: Indictments and Informations. Where several parties are jointly indicted for an offense, one for doing the act and the others for being present, aiding and abetting, the indict-

ment may charge them all in one count as principals in the first degree, or it may allege the matter according to the facts and charge one with being the principal and the others as aiders and abettors, in the same count.

3. ——: Common Assault: Evidence Held Sufficient. In a prosecution for felonious assault, evidence *held* to sustain a verdict of guilty of common assault.

4. ——: Assault to Kill: Indictments and Informations: Election Between Counts. Under section 1847, Revised Statutes 1899, providing that every person who shall on purpose and with malice aforethought shoot at or stab another or assault another with a deadly weapon or by any other means likely to produce death or great bodily harm, with intent to kill such person, shall be punished by imprisonment in the penitentiary for not exceeding ten years, a son was charged in one count in an indictment as principal in the first degree, and his brother and his father were charged as principals in the second degree, with aiding and abetting. Under section 1848, Revised Statutes 1899, providing that every person who shall be convicted of an assault with intent to kill or do great bodily harm, the punishment for which assault is not before prescribed, shall be punished by imprisonment in the penitentiary not more than five years or in the county jail or by fine of not less than $100, the father was charged with the commission of the assault and his two sons charged as principals in the second degree with aiding and abetting. *Held*, that each person was charged with a felony and none with a misdemeanor, and therefore it was not error not to compel the prosecuting attorney to elect on which count he would proceed.

5. ——: Felony: What is. Under section 2393, Revised Statutes 1899, making a crime punished by imprisonment in the penitentiary a felony, the fact that a statute authorizes the court or jury to assess a lighter punishment than that otherwise authorized by the statute does not take away its felonious character.

6. ——: Assault to Kill: Section 1848, Revised Statutes: Indictments and Informations: Malice not Alleged. An information, charging an offence under section 1848, Revised Statutes 1899, providing that every person who shall be convicted of an assault with intent to kill or to do great bodily harm, the punishment for which is not before prescribed in the statute, shall be punished by imprisonment in the penitentiary not more than five years or in the county jail or by fine of not less than $100, need not contain the words "on purpose and with malice aforethought."

State v. Ostman.

7. ——: ——: **Instructions:** "Ready" to Assist in Assault. In a prosecution for assault charged to have been committed by one as principal and by two others as aiders and abettors, the jury were instructed that if they found one of the defendants actually assaulted the prosecuting witness with intent to kill him or do him great bodily harm, and further found that the other defendants were present, aiding, abetting, encouraging, or ready, if necessary, to aid, assist, or encourage, the defendant actually making the assault, then such defendants so present and ready to aid and abet therein might be found guilty with the one actually making the assault. *Held*, that the word "ready" conveys substantially the same meaning as the phrase ordinarily used, "for the purpose and with the intent to aid and assist if necessary," as the word "ready" is defined as "prepared in mind or disposition; not reluctant; willing, free, inclined, disposed."

8. ——: ——: **Conviction of Common Assault.** Under section 2370, Revised Statutes 1899, permitting a defendant charged with felonious assault to be convicted of a lesser offense, a person indicted for a felonious assault may be convicted of common assault.

9. ——: ——: **Principal and Accessory: Instructions: Submitting Whether Defendant Charged as Abettor was Guilty as Principal.** In a prosecution for felonious assault, under an indictment containing two counts, the first charging the son as principal and his father and his brother as aiders and abettors in the commission of the assault, and the second charging the father with the felonious assault and the sons as aiding and abetting him, there is no error in submitting the question whether all the defendants were guilty of assault as charged in the first count, or all guilty of assault as charged in the second count, instead of submitting the issue whether the son was guilty as charged in the first count, and the other defendant guilty of aiding and abetting him, and whether the father was guilty as charged in the second count and his two sons guilty of aiding and abetting him, since those charged as aiders and abettors were principals in the second degree.

Appeal from St. Charles Circuit Court.—*Hon. Jas. D. Barnett*, Judge.

AFFIRMED.

*W. H. Clopton* for appellants.

(1) The motion to require the prosecuting attorney to elect on which count he would proceed should

have been sustained. In the first count defendants are charged with a felony. In the second with a misdemeanor. Felonies and misdemeanors cannot be joined in the same indictment unless specially authorized by statute. Hildebrand v. State, 5 Mo. 548; State v. Porter, 26 Mo. 201; State v. Kneeland, 90 Mo. 337. (2) The first instruction given by the court is clearly erroneous. The first count charges that William Ostman made the assault with a deadly and dangerous weapon, to-wit, a stick of wood, etc., with intent, the said Henry L. Schafer . . . feloniously to kill and murder. The second count charges that Henry Ostman, Jr., and Henry Ostman, Sr., were present, aiding and abetting William Ostman. The instruction charges the jury that if they believe that the ''defendants'' did make an assault on Henry L. Schafer with a dangerous weapon, to-wit, a large stick of wood of the length of four feet, etc., by striking said Schafer on the head therewith, etc. The instruction should have charged the jury that if they believed William Ostman struck the blow and that Henry Ostman and Henry Ostman, Jr., were present aiding and abetting William Ostman, they were also guilty of assault. (3) The second instruction is faulty for the same reason. The third count of the information charges that Henry Ostman, Sr., assaulted Schafer. The second instruction tells the jury that if they, the defendants, assaulted Schafer, they will find the defendants guilty, etc. There was no evidence that any of the defendants assaulted Schafer except Henry Ostman, Sr. Two persons may be charged in an indictment for a felony as being principals though only one committed the act and the other stood by as an aider and abettor, both are equally guilty, and an indictment may either allege the matter according to the fact, or charge them both as principals in the first degree. State v. Anderson, 89 Mo. 333; State v. Peyton, 90 Mo. 226. But if A is charged with being the principal and B and C as acces-

sories, it is error to instruct the jury that if either struck the blow the others are guilty. (4) The error of the second instruction is not cured by the fourth and fifth instructions. The instructions are confusing and misleading. The jury should have been instructed under the first and second counts of the information that if they believed that on the day named William Ostman feloniously and with malice aforethought, etc., made an assault on William Schafer with a dangerous and deadly weapon, etc., and that Henry Ostman and Henry Ostman, Jr., were present aiding and abetting William Ostman, then all were guilty. (5) The fifth instruction is radically wrong. The defendants are entitled to know by the information what they are charged with, and the instructions of the court should confine the consideration of the jury to the offense charged in the information. The fifth instruction tells the jury that if they believe "that either or any one of the defendants actually assaulted and struck Henry L. Schafer with the intention to kill him, said Schafer, or to do him great bodily harm, and further find that the other defendants or any of them were present aiding, abetting, encouraging, or ready, if necessary, to aid, assist or encourage the defendant or defendants actually making such assault, if it became necessary to do so, then the defendant so doing or so present, are equally guilty with the one actually making the assault. The instruction is also erroneous in that it blends the law relating to felonies with the law relating to misdemeanors, and the law for the principal and that of the accessories, so that the jury under that instruction could not intelligently consider the evidence. The statute of the State defines who are accessories before the fact to be every person who shall be a principal in the second degree in the commission of any felony, or shall be an accessory to any murder or other felony before the fact, shall, upon conviction, be adjudged. Sec. 2364, p. 645, R. S. 1899. Accessories

after the fact are confined to cases of felony. Also sec. 2365. (6) There is no such offense as accessories to misdemeanors under our statute, nor of aiders or abettors of misdemeanors. Henry Ostman, Jr., and William Ostman are not charged as principals in the misdemeanor count; but as aiders and abettors. At common law there is no such offense as aiding and abetting a misdemeanor. 1 Whart. (10 Ed.), secs. 223 and 23a. (7) The eleventh instruction did not present the law of self-defense as to Henry Ostman, Sr., properly to the jury. The last part of the instruction destroys it. It gauges too nicely the proper *quantum* of force necessary to repel the assault. State v. Hickmann, 95 Mo. 328; State v. Palmer, 88 Mo. 572; State v. Smith, 125 Mo. 2, 8.

*Theodore C. Bruere* for respondent.

(1) The motion to require the prosecuting attorney to elect on which count he would proceed was properly sustained. State v. Grant, 144 Mo. 57; State v. Pitts, 58 Mo. 556; State v. Burk, 89 Mo. 635; State v. Melton, 102 Mo. 683. (2) Under an indictment for assault with intent to kill or for a felonious assault the defendant may be convicted for assault and battery or common assault. State v. Wilson, vol. 103, No. 1, p. 110; State v. Schloss, 93 Mo. 361; sec. 2370, R. S. 1899; sec. 2369, R. S. 1899; State v. Rambo, 95 Mo. 463; State v. Webster, 77 Mo. 566. (3) All distinction between principals, and principals in the second degree have been abolished. All who are present aiding and abetting those who actually commit the offense are principals. If two persons are charged as principals—one as the immediate perpetrator of the crime, and the other as aiding and abetting, it is immaterial which of them is charged as having inflicted the wound or struck the blow, inasmuch as the law imputes the injury given by one as the act of the other. State v. Dalton, 27 Mo. 13; State v. Walker, 98 Mo. 95; State v. Nelson,

98 Mo. 414; State v. Orrick, 106 Mo. 111; State v. Johnson, 111 Mo. 578; State v. Brown, 104 Mo. 365; State v. Hermann, 117 Mo. 629.

NORTONI, J.—The defendants were informed against in the circuit court for felonious assault. Having pleaded not guilty, they were tried by a jury and convicted of the offense of common assault. The punishment of the defendant, Henry Ostman, Sr., was fixed at a fine of one hundred dollars, and that of his two sons, Henry Ostman, Jr., and William Ostman, at a fine of fifty dollars each. From this judgment all of the defendants prosecute an appeal.

The first argument advanced for a reversal of the judgment assumes that the information is in four counts and that the first and third counts thereof, those charging the principal offense, are wholly insufficient for the reason they fail to conclude by employing the words, "against the peace and dignity of the State," as required by the Constitution. It is argued that the first count charges the principal assault to have been made by William Ostman, and that the second charges Henry Ostman, Sr., and Henry Ostman, Jr., with aiding and abetting the same. This being true, it is said the judgment of conviction thereon cannot be sustained for the reason that if the first count against William Ostman is fatally defective in that it is not concluded by the words, "against the peace and dignity of the State," there is then no charge against the principal offender. And if there is no charge against the principal, then none may be sustained against the others as aiders and abettors. The identical argument relates as well to what is said to be the third and fourth counts of the indictment. Whatever may be said touching other features of the proposition advanced, it is sufficient here to reject the entire argument on the ground that it is false in an assumption of fact; that is to say, it is false in assuming the

indictment to be in four counts. Upon looking into the same carefully, it appears to be in two counts only. The first paragraph of the first count charges the defendant, William Ostman, with the offense of felonious assault, and the second paragraph of the same count charges Henry Ostman, Sr., and Henry Ostman, Jr., with aiding and abetting him therein. After charging all three defendants as mentioned, the count concludes, as required by the Constitution, with the words, "against the peace and dignity of the State."

The first paragraph of the second count charges Henry Ostman, Sr., with a felonious assault and the second paragraph of the same count charges Henry Ostman, Jr., and William Ostman with aiding and abetting their father in the commission of the offense. This count also properly concludes, as is required by the Constitution, with the words, "against the peace and dignity of the State." It seems the separate paragraphs referred to have been mistaken for separate counts of the indictment. And as there were two paragraphs in each count of the indictment, they have been put forward as four separate counts thereof.

The first count charges in substance that William Ostman feloniously, willfully, on purpose and with malice aforethought, did make an assault on the body of Henry Schafer with a dangerous weapon, to-wit, a stick of wood of the length of four feet, of the diameter of three inches and of the weight of three pounds, said William Ostman did strike and wound said Schafer on the head with the intention and purpose, willfully and with malice aforethought, to feloniously kill and murder him. The second paragraph of this count charges that Henry Ostman, Sr., and Henry Ostman, Jr., feloniously, on purpose and with malice aforethought were present aiding, abetting, assisting, comforting, counseling, and maintaining said William Ostman in such felonious assault. As stated before, after all this, the first count properly concludes by em-

ploying the words, "against the peace and dignity of the State."

The second count charges substantially that Henry Ostman, Sr., with force and violence upon the body of said Henry Schafer, unlawfully, willfully and feloniously did make an assault with intent him, the said Henry Schafer, feloniously, willfully and unlawfully to do great bodily harm and to kill and murder. The second paragraph of the same count charges that the two sons, Henry Ostman, Jr., and William Ostman were feloniously, willfully and unlawfully present, aiding, helping, abetting, assisting, comforting, advising, counseling and maintaining said Henry Ostman in said felonious assault with the intent to kill and murder Schafer. After all of this, and other proper form, the second count concludes by employing the words, "against the peace and dignity of the State."

There can be no doubt that under our law when several parties are jointly indicted for the commission of an offense, the one for doing the act and the others with being present and aiding and abetting, all are regarded as principals and the conviction of the principal is not a condition precedent to the conviction of the aider or abettor or *vice versa,* for the act of one is the act of the other. [State v. Anderson, 89 Mo. 312-333, 1 S. W. 135; State v. Phillips, 24 Mo. 475, 481; State v. Ross, 29 Mo. 32; see also sec. 2364, R. S. 1899; Ann. St. Sec. 2364, 1906.] In such circumstances, the indictment may charge them all in one count together as principals in the first degree and thus conform to the conclusion of the law on the fact or it may allege the matter according to the fact, as was done in this case; that is to say, it may allege the offense against the principal actor as principal and the others as aiders and abettors all in the same count. It is immaterial how the charge may be made, the law regards them all as principals. [State v. Anderson, 89 Mo. 312, 333; State v. Taylor, 21 Mo. 477, 480; State

v. Payton, 90 Mo. 220, 226; Kelley's Criminal Practice, Secs. 46, 47, 48. See also State v. Stacy, 103 Mo. 11, 15 S. W. 147.] To include all of the defendants in each count of the information was entirely proper.

It appears that on the evening of the difficulty, Schafer met Henry Ostman, Jr., in the public road near Schafer's home, and they engaged in a conversation about draining a lake in the neighborhood. Henry Ostman, Sr., came along the road while his son was conversing with Schafer. A quarrel immediately ensued between Henry Ostman, Sr., and Schafer, but there is evidence pro and con as to who was the aggressor. Ostman, Sr., said Schafer had accused him of stealing a plow and this was the grievance out of which the quarrel arose. Schafer was knocked down and while lying on the ground, Henry Ostman, Sr., got upon him and beat him severely in the face. It is said he hit him twelve or fifteen blows and William Ostman struck him in the head with a club which rendered him unconscious. During the quarrel and just prior to the blow of Henry Ostman, Sr., which felled Schafer to the ground, Henry Ostman, Jr., approached Schafer with his fist clenched in a threatening attitude. While the parties were all thus engaged, a brother of Schafer came along and stopped the assault. This is the substance of the testimony for the state, and it appears that Schafer was brutally beaten. The evidence is abundant to support the verdict.

Among the errors assigned, one is to the effect that the prosecuting attorney should have been required, before the evidence was received, to elect on which count of the information he would proceed. The argument relating to this matter is that felonies and misdemeanors may not be joined in the same information unless the statute authorizes as much, and there is no statute to authorize the joining of a felonious assault and a common assault, or misdemeanor. It is sufficient to say with respect to this matter that each count in the in-

formation charges the defendant with a felony. The first count is founded upon section 1847, Revised Statutes 1899, Ann. St. sec. 1847, 1906, which provides that every person who shall on purpose and with malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill such person, etc., shall be punished by imprisonment in the penitentiary for a term not exceeding ten years. As before stated, William Ostman was charged in this count as principal in the first degree and his father, Henry Ostman, Sr., and brother, Henry Ostman, Jr., were charged therein as principals in the second degree, or as being present, aiding and abetting, etc. The second count charges Henry Ostman, Sr., as principal, under section 1848, Revised Statutes 1899, Ann. St. sec. 1848, 1906. This statute says that every person who shall be convicted of an assault with intent to kill or do great bodily harm, etc., the punishment for which assault is not before prescribed in the statute, shall be punished by imprisonment in the penitentiary not more than five years or in the county jail or by fine of not less than one hundred dollars. The two sons, Henry Ostman, Jr., and William Ostman, were charged in this count according to the fact as principals in the second degree with aiding and abetting their father in the commission of the assault alleged. As stated before, even though the parties are charged the one as principal in the first and the others as principals in the second degree, the law regards them all as principals if they were present and acted together. It is therefore manifest that each was charged with felony and none with a misdemeanor. Under our criminal code, a crime which may be punished by imprisonment in the penitentiary is a felony. [Sec. 2393, R. S. 1899, Ann. St., sec. 2393, 1906.] And the fact that the statute authorizes the court or jury to assess a

lighter punishment than that otherwise authorized by the statute does not take away its felonious character. [State v. Green, 66 Mo. 631; State v. Reeves, 97 Mo. 668.] As each of the offenses charged might have entailed a penitentiary sentence in the discretion of the jury, each was a felony. But it is said, omitting to charge in the second count that the assault therein alleged was committed with malice aforethought rendered that count one for misdemeanor only. In answer to this, it is sufficient to say that section 1848, Revised Statutes 1899, Ann. St. 1848, 1906, on which the count was based, does not contain the words, "on purpose and with malice aforethought," as does section 1847, supra. The courts have ruled many times that those words are not essential in charging a felonious assault under section 1848. See State v. Stewart, 29 Mo. 419; State v. Seward, 42 Mo. 206; State v. McDonald, 67 Mo. 13; State v. Temple, 194 Mo. 228, 92 S. W. 494. There was no error committed by the court in not compelling the attorney for the state to elect between the counts.

The fifth instruction for the state is criticised for the reason it uses the word "ready" with reference to those who were present as aiders and abettors. The instruction substantially tells the jury that if they found one of the defendants actually assaulted Schafer with intention to kill him or do him great bodily harm and further found that the other defendants were present, aiding, abetting, encouraging or ready, if necessary, to aid, assist or encourage the defendant actually making the assault, then such defendants so present and ready to aid and abet therein, if it became necessary to do so, might be found guilty with the one actually making the assault. The word "ready" is said to be objectionable. It is true the words ordinarily used in this connection are "for the purpose and with the intent to aid and assist if necessary." However,

147 App—28

we believe the word "ready" if necessary to aid and assist, conveys substantially the same meaning in the connection it was used in the instruction. Webster says the word "ready" means prepared at the moment . . . prepared, in mind or disposition; not reluctant; willing, free, inclined, disposed. This is certainly sufficient for the purposes of the case, for if the aiders and abettors were prepared at the moment and so inclined and disposed, they were certainly there for that purpose. The question was squarely met and so ruled by the Supreme Court in State v. Gooch, 105 Mo. 392, 16 S. W. 892.

It is argued that there is error in the instruction submitting the question whether all the defendants were guilty of assaulting Schafer, as charged in the first count, or all guilty of assaulting him, as charged in the second count, instead of submitting the issue whether William Ostman was guilty, as charged in the first count, and the other two defendants of aiding and abetting him; and whether Henry Ostman, Sr., was guilty, as charged in the second count, and his two sons of aiding and abetting him. The argument proceeds on the assumption that the two counts charged the two abettors therein named as accessories before the fact and therefore they could not be found guilty as principals. The proposition is unsound. Instead of being accessories before the fact, those charged in the two counts as aiders and abettors were principals in the second degree. [Bishop, Criminal Law (8 Ed.), sec. 604; State v. Ross, 29 Mo. 32; State v. Phillips, 24 Mo. 480.] All of the common law distinctions as to principals and accessories before the fact have been abolished by our criminal code. Section 2364, Revised Statutes 1899, Ann. St. sec, 2364, 1906, and as before said, the parties may be proceeded against and convicted as principals. [State v. Stacy, 103 Mo. 11, 15 S. W. 147.] Had the defendants been actually convicted of the felony this matter would be entirely im-

material as the statute cited provides that every person who shall be a principal in the second degree in the commission of any felony or who shall be an accessory to any felony before the fact "shall, upon conviction, be adjudged guilty of the offense in the same degree and may be charged, tried, convicted and punished in the same manner as a principal in the first degree." [Sec. 2364, R. S. 1899, Ann. St. sec. 2364, 1906.] But the defendants were convicted of a common assault only, that is a misdemeanor, and on this fact it is argued there could be no accessories to a misdemeanor. This may be true, but if it is, it is not because the law excuses a person who procures or aids and abets another in the commission of a misdemeanor. On the contrary, it is for the reason the law regards such person as a principal in the offense and, generally speaking, treats him accordingly.

The statutes, section 2370, Revised Statutes 1899, Ann. St., sec. 2370, 1906, expressly permit a defendant charged with felonious assault to be convicted of the lesser offense, as here, and it has been several times decided since the statute cited has assumed its present form, that a person indicted for a felonious assault may be convicted of common assault instead. [State v. Johnson, 81 Mo. 60; State v. Grimes, 29 Mo. App. 470.] As before stated, if any one of the defendants assaulted Schafer and the others were present aiding and abetting him, they were all guilty as principals and might have been convicted as such under an information either charging the crime according to the fact as does the one before us, or charging all of the defendants as principals in the first degree. Touching this matter, the case of State v. Anderson, 89 Mo. 312, 1 S. W. 135, is in point.

The case seems to have been well and carefully tried and the judgment should be affirmed. It is so ordered. All concur.