STATE, RESPONDENT, *v.* FREDERICKS, APPELLANT.

(No. 5,096.)

(Submitted October 18, 1922. Decided November 4, 1922.)

[212 Pac. 495]

*Criminal Law—Intoxicating Liquor—Unlawful Sale—Infor- mation—Sufficiency—Trial—Instructions.*

Intoxicating Liquor—Unlawful Sale—Information—Kind of Liquor—Nega- tiving Exception.

1. In an information charging the unlawful sale of intoxicating liquor the pleader need not state the kind of liquor sold or allege that no permit to sell it had been obtained by defendant from the secretary of state.

Same—Trial—Instructions—Degree of Proof.
    2.   An instruction on the degree of proof necessary to establish facts
in the exact language of section 10491, Revised Codes of 1921, *held*
proper.

*Appeal from District Court, Powell County; George B. Winston, Judge.*

JOHN H. FREDERICKS was convicted of the unlawful sale of intoxicating liquor, and appeals from the judgment of conviction. Affirmed.

*Mr. W. E. Keeley,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* for the State, submitted a brief; *Mr. Foot* argued the cause orally.

*Mr. E. J. Cumming,* County Attorney for Powell County, submitted a supplemental brief on behalf of the State.

MR. COMMISSIONER BORTON prepared the opinion for the Court.

John H. Fredericks was charged with a violation of the law relating to the sale of intoxicating liquor. He was convicted and has appealed from the judgment.

The appeal is based upon twenty-one specifications of error. These, however, may be grouped under three general heads. It is contended: First, that the evidence does not support the judgment; secondly, that the information does not state facts sufficient to constitute a public offense; and finally, that the court erred prejudicially in giving and refusing to give certain instructions.

The defendant conceded, both in his brief and in the oral argument, that his first contention is foreclosed by reason of the holding of this court in the case of *State* v. *Asher*, 63 Mont. 302, 206 Pac. 1091. To the same effect is the re-

cent case of *State* v. *Maggert*, 64 Mont. 331, 209 Pac. 989. That point, therefore needs no consideration.

The defendant assails the information upon two grounds: [1] First, that the information does not apprise the defendant of the kind of liquor sold; and secondly, that there is no negative averment therein charging that no permit had been obtained from the secretary of state. The charging part of the information is as follows: ''That the said John H. Fredericks, on or about the fifteenth day of June, 1921, at and in the county of Powell, State of Montana, did then and there wilfully, unlawfully and feloniously, sell intoxicating liquors, not for any sacramental, scientific, or manufacturing purpose, to one Ben Wakley.'' It is sufficient answer to both of defendant's contentions that the statutes of the state require neither. Section 11111, Revised Codes of 1921, provides that ''in prosecutions under the laws of this state relating to intoxicating liquors, by complaint, indictment or information, it shall not be necessary to state the kind of liquor manufactured, sold, * * * except in prosecutions for keeping and maintaining a common nuisance, or when a lien is sought to be established against the premises.'' Likewise, section 11078, provides that ''In any affidavit, information or indictment for the violation of this Act, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed. It shall not be necessary in any affidavit, information or indictment to give the name of the purchaser or *to include any defensive negative averments.*''

The defendant complains that the court erred in refus- [2] ing defendant's requested instructions. It is sufficient to say in this particular that the requested instructions add nothing to those given by the court that would enlighten the jury, and so were properly refused.

So, too, with reference to the defendant's objections to the giving of certain instructions, he has no basis for complaint, for every objection, save one, is based upon his con-

tention that the complaint is insufficient, and such objections are answered as pointed out above, by the statutes.

The defendant's objection to instruction No. 10, given by the court, is likewise untenable, for it, too, is in the exact language of section 10491, Revised Codes of 1921, and clearly applicable to the instant case.

For these reasons, we recommend that the judgment appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

*Affirmed.*

Rehearing denied December 21, 1922.

