Appellant was charged with the crime of assault with intent to commit murder by means of a certain deadly weapon, to wit, a pistol. She was found guilty of assault with a deadly weapon and sentenced to imprisonment *Page 460 
in the state penitentiary for not less than one nor more than two years. This appeal is from the judgment and from an order denying a motion for new trial.
Error is predicated upon the action of the court in refusing to sustain an objection to and in denying a motion to strike out certain testimony given by one Pickett, a witness on behalf of the state, who testified to conversations carried on between appellant and her husband some four months previous to the assault alleged to have been made upon the latter by appellant, in which appellant was said to have made certain threats. Said objection and motion to strike were based upon the theory that the evidence so given by the witness was incompetent, immaterial and not related to the crime charged. Prior threats of the accused or evidence of previous trouble are always relevant to illustrate mental attitude of the accused toward the prosecuting witness at the time of the assault. (Underhill on Criminal Evidence, 3d ed., p. 773, sec. 544.)
The prosecuting witness, appellant's husband, testified to the alleged facts leading up to and to the commission of the offense. He is a foreigner, his testimony is not altogether clear, and is somewhat contradictory, by reason of the fact perhaps that he was unable to express himself clearly in the English language. A motion was made by appellant to strike out all of his testimony upon the ground that he was mentally incompetent to testify. His competency to testify being a question of law for the trial court, who was best in the position to observe his demeanor on the witness-stand and his apparent ability to give a fairly correct and intelligible account of what transpired, we cannot say, after a careful perusal of the record in this regard, that the testimony of the witness should have been stricken upon the ground stated.
It is insisted that the court erred in overruling appellant's objections to the following questions asked the witness Carlson on direct examination, to which answers were made as indicated: *Page 461 
"Q. Did Steve Muguerza ever say anything to you about permitting the defendant to see him if she came to the hospital? A. Yes, sir, he did.
"Q. What did he say? A. He told me if she comes out there to lock his door — he didn't want to see her."
In admitting this testimony the court limited it to show the attitude of mind of the prosecuting witness toward appellant, she having testified and offered other testimony tending to show a friendly state of mind on the part of the prosecuting witness and a desire upon his part to assume entire responsibility for the shooting; and while, strictly speaking, the questions may have been objectionable as calling for hearsay, we do not feel justified in holding that the overruling of the objections amounted to prejudicial error. There are authorities holding such declarations admissible as original and competent evidence, wherever the mental feelings of an individual are material to be proved. (Mutual Life Ins.Co. v. Hillmon, 145 U.S. 285, 12 Sup. Ct. 909, 912, 913,36 L.ed. 706; 22 C. J. 279, sec. 288.) The existence of the true state of feeling of the prosecuting witness toward appellant became a relevant fact by the introduction of testimony on her behalf that he exhibited a friendly feeling toward her after the shooting, and the questions asked the witness Carlson were to repel that inference.
The point is raised that the court erred in sustaining an objection to the following question, propounded to the witness Elizabeth Hibbs:
"Q. At the time you came there on the 14th day of January of this year, do you know what business Steve was in?"
The same question in a different form was propounded to appellant, and an objection sustained. From the record it is apparent that what appellant was seeking to bring out was that the prosecuting witness was engaged in the illicit traffic of liquor. Reliance is placed upon the case of State v. Fong Loon,29 Idaho 248, 158 P. 233, L.R.A. 1916F, 1198, as authority for the admission of this line of *Page 462 
testimony. It was held in that case that it is permissible upon cross-examination of a witness to make inquiry as to his business, occupation, manner and place of living, though not for impeachment or to show the commission of another offense. The inquiry in the instant case was not made of the person sought to be discredited, and was clearly for the purpose of showing his participation in wrongful acts having no connection with the matter on trial, — specifically prohibited by statute. (C. S., sec. 8038.) The evidence was properly excluded.
Complaint is made of instruction No. 3, dealing with the necessity of establishing and manner of proving intent in a charge of assault with intent to commit murder. It will be remembered that appellant was not convicted of assault with intent to commit murder, and as the instruction complained of deals entirely with such offense, of which appellant was acquitted, it follows that she could not be prejudiced by the giving of such instruction. (8 Cal. Jur. 635; People v. Besold,154 Cal. 363, 97 P. 871.)
The giving of instruction No. 8 is assigned as error. That instruction told the jury that they were "at liberty to disregard the statement of all such witnesses, if any there be, as have been successfully impeached, either by direct contradiction or by proof of having made different statements at other times, except in so far as such witnesses have been corroborated by other credible evidence, or by facts or circumstances proven at the trial." It is insisted that the use of the words "direct contradiction" in lieu of "contradictory evidence," as found in C. S., sec. 8038, was prejudicial to appellant; that the words "contradictory evidence" have a far more comprehensive meaning than "direct contradiction." We fail to see anything prejudicial in the instruction, since, if there were any witnesses whose testimony had been directly contradicted, as indicated by the court, the jury were at liberty, but not required, to disregard such testimony, either in whole or in part, unless such witness or witnesses were corroborated *Page 463 
by other credible evidence or by facts or circumstances proven at the trial.
Complaint is also made of that part of instruction 9 saying:
"If the jury believe from the evidence that any witness has wilfully or knowingly sworn falsely to any material fact in this trial it is competent for the jury to wholly disregard the testimony of such witness, so far as it is in favor of the side calling him, unless the same be corroborated by other credible testimony."
We think the instruction was not erroneous, under the authority of Baird v. Gibberd, 32 Idaho 796, 189 P. 56; Statev. Brassfield, 40 Idaho 203, 232 P. 1; State v. Waln, 14 Idaho 1,80 P. 221.
Under that part of the appeal from the order overruling the motion for new trial, appellant assigns as error the giving of a number of instructions touching the offense of which appellant was convicted, namely, assault with a deadly weapon, and urges that the information does not charge an assault with a deadly weapon and that it was error for the court to instruct the jury that they might find appellant guilty of that crime. It is said that the information fails to allege that the pistol was loaded and that this is an essential averment. The information charges that appellant did wilfully, unlawfully, feloniously and with premeditation and malice aforethought, by means of a certain deadly weapon, to wit, a certain pistol, make an assault upon the person of one Steve Muguerza. While charging an assault with intent to commit murder, the information also charged appellant with assault with a deadly weapon, to wit, a pistol, of which offense she was found guilty, being found not guilty of assault with intent to commit murder. The information is sufficient, in that it follows substantially the language of the statute, and it was not necessary to allege that the pistol was loaded, this being a matter of proof only. (5 C. J. 769; People v. Savercool,81 Cal. 650, 22 P. 856; People v. Weir, 10 Cal.App. 460, *Page 464 102 P. 539; State v. Maggert, 64 Mont. 331,209 Pac. 989.)
We have carefully examined the entire record in this case and find no prejudicial error. The judgment is affirmed.
Wm. E. Lee, C.J., Taylor, J., and Hartson, District Judge, concur.
T. Bailey Lee, J., disqualified.
Givens, J., dissents.
Petition for rehearing denied.