Tommy GONNS, alias Thomas Gonzales, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5254.

United States Court of Appeals
Tenth Circuit.

March 5, 1956.

Roy R. Romer, Denver, Colo., for appellant.

Donald E. Kelley, U. S. Atty., Denver, Colo. (Robert D. Inman, Asst. U. S. Atty., Boulder, Colo., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and MELLOTT, District Judge.

BRATTON, Chief Judge.

The indictment in this case charged a violation of section 2(e) of the Federal Firearms Act, 15 U.S.C.A. § 902(e). The specific charge was that Tommy Gonns, alias Thomas Gonzales, having been convicted of a crime of violence, shipped and transported and caused to be shipped and transported a revolver from Sheridan, Wyoming, to Denver, Colorado. The accused was found guilty and sentenced to imprisonment, and he appealed.

■ Section 1(6) of the Federal Firearms Act, as amended, 15 U.S.C.A. § 901 (6), defines the term "'crime of violence'" as used in the act. The definition includes assault with a dangerous weapon. Section 2(e), 15 U.S.C.A. § 902(e), provides among other things that it shall be unlawful for any person who has been convicted of a crime of violence to ship, transport, or cause to be shipped or transported in interstate commerce any firearm. And section 5, 15 U.S.C.A. § 905, provides that any person violating the provisions of the act shall be punished as therein specified. The conviction of appellant of a crime of violence—as defined in section 1(6)—was an essential element of the offense charged in the indictment, and on the trial of the case it was incumbent upon the Government to prove such conviction. Nicholson v. United States, 9 Cir., 141 F.2d 552.

■ Recognizing the necessity to prove conviction of appellant of a crime of violence, as defined in section 1(6) supra, the Government relied upon proof of his conviction in the District Court of Santa Barbara County, California, of a violation of section 245 of the Penal Code of that state. The state statute provides:

"Every person who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury is punishable by imprisonment in the State prison not exceeding ten years, or in the county jail not exceeding one year, or by a fine not exceeding five thousand dollars, or by both such fine and imprisonment."

As construed by the courts in California, the statute creates two offenses. One is assault with a deadly weapon or instrument. People v. Savercool, 81 Cal. 650, 22 P. 856; People v. Weir, 10 Cal.App. 460, 102 P. 539. And the other is assault by any means of force likely to produce great bodily injury. The latter offense may be committed by striking with the hand or fist, kicking, choking, or other comparable means. People v. Hinshaw, 194 Cal. 1, 227 P. 156; People v. Kimmerle, 90 Cal.App. 186, 265 P. 525; People v. Bumbaugh, 48 Cal.App.2d 791, 120 P.2d 703; People v. Orona, 72 Cal. App.2d 478, 164 P.2d 769; People v. Fuentes, 74 Cal.App.2d 737, 169 P.2d 391; People v. McCaffrey, 118 Cal.App. 2d 611, 258 P.2d 557.

■ It is contended by appellant that while conviction under section 245 of the state statute of assault with a deadly weapon may constitute conviction of a crime of violence within the intent and meaning of section 1(6) of the Federal Firearms Act, conviction under the state statute of assault by means of force likely to produce great bodily injury does not constitute conviction of a crime of violence within the intent and meaning of section 1(6); that the evidence adduced upon the trial failed to show whether the conviction in the state court was for assault with a deadly weapon or assault by means of force likely to produce great bodily injury; and that therefore the evidence was insufficient to establish the essential element of conviction of a crime of violence, within the intent and meaning of section 1(6). The Government introduced in evidence an exemplified copy of the judgment entered in the criminal case in the state court of California. It disclosed that appellant was convicted of a violation of section 245 of the state statute but it did not purport to state or disclose whether the conviction was for assault with a deadly weap-

on or for assault by means of force likely to produce great bodily injury. In addition to the exemplified copy of the judgment, the Government introduced as a witness a deputy sheriff of Santa Barbara County. He testified among other things that he arrested appellant in Santa Barbara County for assault with a deadly weapon; that appellant was prosecuted as the result of the arrest; and that the exemplified copy of the judgment related to such prosecution. The information would have been the best evidence of the nature of the charge in the state court. And the evidence of the witness in respect to the nature of the charge was open to objection on the ground that it was not the best evidence. But no objection was interposed to the evidence on that ground. And in the absence of objection, an essential fact may be established by secondary evidence. Roberts v. Graham, 6 Wall. 578, 18 L.Ed. 791; United States v. McCoy, 193 U.S. 593, 24 S.Ct. 528, 48 L.Ed. 805; Loew Filter Co. v. German-American Filter Co., 6 Cir., 164 F. 855; Simmons v. Stern, 8 Cir., 9 F.2d 256; American Surety Co. v. Scott, 10 Cir., 63 F.2d 961; Wright v. Roseberry, 81 Cal. 87, 22 P. 336; In re Aguirre's Estate, 57 Nev. 275, 284, 62 P.2d 1107, 65 P.2d 685; Priestley v. Law, 33 N.M. 176, 262 P 931; Morgan v. Bell, 189 Ga. 432, 5 S.E 2d 897; Bridwell v. Rackley, 206 Ark. 381, 175 S.W.2d 389; Kramer v. Wilson, Tex.Civ.App., 226 S.W.2d 675; Cotten v. Stolley, 124 Neb. 855, 248 N.W. 384; Community State Bank of Royal Center v. Durbin, 121 Ind.App. 229, 95 N.E.2d 310, 98 N.E.2d 604; Petrie v. Kaufmann & Baer Co., 291 Pa. 211, 139 A. 878. The exemplified copy of the judgment together with the evidence given by the deputy sheriff was sufficient to establish the fact that appellant had been convicted in the state court of the crime of assault with a deadly weapon; and it satisfied the requirements of the Federal Firearms Act in respect to proof of appellant's conviction of a crime of violence.

The judgment is affirmed.